## Cook v̇. Benson.

1. **Nuisances**: BARN AND PRIVY: ESTABLISHED FRONTAGE OF CITY LOTS TO BE RESPECTED.    When lots are laid out in a city with an established frontage, those who purchase inside lots do so with the expectation that the owners of corner lots will build in accordance with the established frontage; and if they change their frontage, and so build as to cause the rear of their lots to abut upon the inside lots, equity will so control the location of their out buildings as to prevent them from interfering with the enjoyment of the occupant of the inside lots.

*Appeal from the Council Bluffs Superior Court.*

WEDNESDAY, DECEMBER 5.

THIS is a proceeding in equity for a decree declaring the defendant's stable and privy a nuisance, and for an injunction perpetually restraining and enjoining the defendant from keeping and maintaining the same.    The court dismissed the plaintiff's petition.    The plaintiff appeals.

*Jacob Sims,* for appellant.

*Wright & Baldwin,* for appellee.

DAY, CH. J.—The location of the plaintiff's and defendant's premises is indicated by the accompanying plat.

Cook v. Benson.

NORTH.

ALLEY.

Barn.

Lot 4.

Privy.

65½ feet.

Wells Cook.

Dwelling House.

Privy.

Barn.

Lot 5.

BALDWIN STREET.

WEST.

65½ feet.

EAST.

Lot 6.

65½ feet.

Mrs. Benson.

Dwelling House.

Dwelling House.

134 feet.

WILLOW AVENUE.

SOUTH.

As shown by the plat, the lots were so laid out as to front west on Baldwin Street. The defendant, however, owning two lots, one of which abuts on Willow Avenue, on the south, erected upon the south lot two buildings fronting south, and

thus, in effect, changed her two lots from a west to a south front, causing the rear of the lots to abut upon plaintiff's lot. The defendant erected her barn and privy within a few inches of the north side of the north lot, and about twelve feet from the plaintiff's house. Respecting the location of the buildings, Mrs. Caroline Cook, the wife of the plaintiff, testified as follows: "The south windows that are near her premises are my bed room and dining-room windows, buttery and kitchen windows, also a dining-room door exactly oposite her barn. Mrs. Benson's barn and privy are on the lot adjoining on the south, right close to the line fence. I should think they were ten or twelve feet from our house. Her barn and privy are immediately south of my room and the one above mine, which is also a sleeping room. The dining-room is right back of my room, and the kitchen is right back of that, east, all through in a line adjoining her lot."

A barn and privy are not necessarily nuisances, but they may become such by their location and the manner in which they are maintained. Mrs. Cook further testified: "I have always noticed an offensive smell arising from these buildings, and we have reported it again and again. *    *    * If the doors are open from my room across the hall, four feet square, into the parlor, this smell goes into that. The south door is exactly opposite her barn, and the north door opposite that; and the table always sits between these doors; there is no other place for it. We have been hindered seriously by flies and effluvia from that barn. We had boarders there in the summer that have requested that the door be shut while they were eating." Other occupants of plaintiff's house testify that they have noticed offensive smells and vapors coming from defendant's barn and privy. That these buildings do occasion offensive and annoying smells, which are very noticeable in the plaintiff's house, is, we think, established by a clear preponderance of the testimony.

When lots are laid out in a city with an established front, those who purchase inside lots do so with an expectation that

the owners of corner lots will build in accordance with the established frontage. They do not expect that the owners of corner lots will change the frontage, and cause the rear of their lots to abut upon the adjoining lots. And, if they do so, equity will so far control them, in the location of their out buildings, as to prevent them from materially interfering with the enjoyment of adjoining property. The defendant's barn and privy, located within twelve feet of the plaintiff's dining-room door, are nuisances, and they must be removed, either to the east end or to the south side of lot five, as this defendant may elect. A decree will be entered in this court or in the court below, at the plaintiff's option, in harmony with this opinion.

REVERSED.