## BAKER v. BOHANNAN.

1. **Nuisance:** ACTION FOR DAMAGES: FINDING OF BOARD OF HEALTH NOT NECESSARY. Where one has suffered damages on account of the maintenance of a nuisance, it is not necessary that the board of health should first find the nuisance to be such, in order to entitle him to maintain an action for such damages. Section 16, chap. 151, Laws of 1880, does not have that effect.

2. **Practice in Supreme Court:** ARGUMENT: ASSAILING INSTRUCTIONS. A general assertion made in argument, in respect to four instructions together, that they state the law too broadly, is not sufficiently specific to demand the serious attention of this court.

3. **Nuisance:** DAMAGES: EVIDENCE OF SIMILAR NUISANCE BY PLAINTIFF. In an action for damages, based on the ground that defendant kept his feed-lot in such a condition as to be a nuisance, evidence that plaintiff's husband kept his feed-lot in a worse condition was not material, where it was not shown that the husband's lot was so located as to be offensive to plaintiff. (Compare *Cassady v. Cavenor*, 37 Iowa, 300.)

4. **Practice in Supreme Court:** EVIDENCE TO SUPPORT VERDICT. A verdict will not be disturbed on appeal for want of evidence, where the evidence is conflicting.

5. **Nuisance:** FEED-LOTS: INJUNCTION ABSOLUTE. Where feed-lots were found to be a nuisance, and the trouble arose largely from the wet and miry condition of the soil, and there was no reason to suppose that any mode of use could be adopted which would obviate the trouble, *held*, that it was proper to enjoin the use of the lots for that purpose absolutely. *Shiras v. Olinger*, 50 Iowa, 671, distinguished.

*Appeal from Adams Circuit Court.*

FRIDAY, JUNE 11.

ACTION for damages alleged to have been sustained by reason of a nuisance caused by defendant. The plaintiff also prayed for an injunction to abate the nuisance. There was a trial to a jury, which found the existence of the nuisance, and rendered a verdict for $20 damages. The defendant appeals.

*W. O. Mitchell*, for appellant.

*Anderson & Towner*, for appellee.

ADAMS, CH. J.—I. . The defendant moved for an order requiring the plaintiff to state her cause of action more specifically, by stating whether the board of health had determined the question as to the existence of the nuisance. The court overruled the motion, and the defendant assigns the action of the court as error. It is provided in section 16, c. 151, Laws 1880, that local boards of health shall make such regulations concerning nuisances as they shall judge necessary for the public health and safety; and if any person shall violate any such regulation, he shall forfeit a sum of not less than $25 for every day he shall knowingly violate the regulations, to be recovered before a justice of the peace. It is contended by the defendant that the intention was to confer upon the local boards of health the exclusive jurisdiction to determine what constitutes a nuisance, and to abate nuisances. But we think otherwise. The alleged nuisance in the case at bar consisted in maintaining a yard for feeding cattle and hogs near the plaintiff's residence. Her action was brought to recover for damages sustained in the discomfort suffered. We cannot think that the statute in question was designed to exclude all remedy for such damages, nor make a finding of the local board of health of the existence of the nuisance a condition precedent to the maintenance of an action for damages.

*1. NUISANCE: action for damages: finding of board of health not necessary.*

II. It is contended that instructions numbered 3, 4, 6 and 7 state too broadly the law in regard to nuisance. Wherein the law is stated too broadly the appellant's counsel does not specifically point out. Such a general assertion, made in respect to four instructions together, does not, we think, render it proper for us to say more than that we have read the instructions complained of, and see no error.

*2. PRACTICE in supreme court: argument: assailing instructions.*

III. The defendant asked certain instructions in regard to the measure of damages, which the court refused. The refusal is assigned as error. The rule as to the measure of

damages given by the court appears to be correct, and we think fully covers the ground.

IV. One James Bohannan, a son of the defendant, was called as a witness in his father's behalf, and testified in

**3. NUISANCE: damages : evidence of similar nuisance by plaintiff.** regard to the good condition in which he and his father kept the lots in question. He was then asked a question in these words: "About how are they in comparison to where he, Baker, plaintiff's husband, keeps his own hogs and cattle, in his own lot?" The court excluded the question, and the ruling is assigned as error. It is contended that the witness' answer would have shown that the plaintiff's husband kept his lot in a worse condition than the defendant did the lots in question, and so plaintiff could not properly complain, under the rule in *Cassady v. Cavenor*, 37 Iowa, 300. But suppose the fact had been shown as the defendant claimed the fact to be, that, certainly, without more, would not have aided the defendant, and there was no offer to prove more upon that point. The mere fact that the plaintiff's husband's lot was in a worse condition would not have tended to show that his lot was a nuisance, or a source of any discomfort to the plaintiff. A hog lot does not become a nuisance by reason of its condition alone, but its condition and *location*. We think that the court did not err.

V. It is contended that the evidence does not sustain the verdict. There was, as is usual in such cases, a great con-

**4. PRACTICE in supreme court: evidence to support verdict.** flict in the evidence. Possibly, according to the preponderance of the evidence, the lots were not a nuisance; but we cannot say that the evidence is such that we should be justified in disturbing the verdict.

VI. A decree was rendered enjoining the plaintiff from using the lots in question as feed lots. It is insisted that the

**5. NUISANCE: feed-lots : injunction absolute.** injunction should not have gone further than to enjoin such use of the lots as constitutes a nuisance, allowing the defendant to continue to use the lots as feed lots, if he can so change the mode of use or

condition of the lots as to obviate the trouble complained of.

In *Shiras v. Olinger*, 50 Iowa, 571, this court refused to enjoin absolutely the use of a livery-stable found to be a nuisance, and enjoined only the particular mode of use theretofore employed, which mode of use seemed to constitute substantially all the valid ground of complaint. But the case before us we regard as different. The trouble arose largely from the wet and miry condition .of the soil of the lots. We see no reason to suppose that any mode of use could be adopted which would obviate the trouble.

We think that the decree below should be

AFFIRMED.