SHIVELY v. THE CEDAR RAPIDS, IOWA FALLS & NORTHWESTERN RAILWAY COMPANY *et al.*

1. **Instructions**: WHOLE CHARGE TO BE CONSIDERED. An instruction which, by itself, might be partial and misleading is no ground for reversal when the whole charge is such as to present the case fully and fairly to the jury.

2. **Nuisance**: TEMPORARY: MEASURE OF DAMAGES. In an action for damages to a dwelling-house caused by a nuisance which is not necessarily a permanent one, but which the defendants may at any time abate, the measure of damages is the depreciation in the rental value of the premises during the time the nuisance is maintained.

3. ———: DAMAGES: STOCK-YARDS NEAR DWELLING: NECESSITY OF
RAILROAD. Where the defendants erected stock-yards so near to
plaintiff's dwelling, and so kept them, that the odors therefrom
were not only an annoyance, but were unwholesome, threatening
the health of plaintiff and his family, *held* that defendants could
not escape liability on the ground that the yards were necessary
to the operation of defendants' railroad, and that the odors com-
plained of could not be avoided, there being no showing of such
facts in defense. (*Dunsmore v. Cent. Iowa Ry. Co.*, 72 Iowa, 182,
*distinguished*).

*Appeal from Lyon District Court.*—HON. GEO. W.
WAKEFIELD, Judge.

FILED, MARCH 10, 1888.

ACTION to recover damages caused by an alleged
nuisance. The case was tried to a jury, and verdict
and judgment rendered for plaintiff. Defendants
appeal.

*Van Wagenen & McMillen* and *S. K. Tracy*, for
appellants.

*J. M. Parsons*, for appellee.

ROBINSON, J.—The plaintiff alleges that he is the
owner of a house and lot in the town of Rock Rapids,
which he occupies as a home; that, in September or
October, 1886, the defendants built, and have since
maintained, within sixty feet of said lot, stock-yards
for the use of shippers over the road of defendants;
that said stock-yards have become foul and a nuisance,
emitting foul and unhealthy odors, so as to render
plaintiff's house almost uninhabitable, and almost totally
destroyed its value, greatly inconveniencing and endan-
gering the health of plaintiff and his family.

I.    The fourth paragraph of the charge of the court
to the jury is as follows: "If you find for plaintiff,
then you will proceed to assess and deter-
mine from the evidence the amount of
damages he is entitled to recover in this
action; the measure of which will be the loss or

1. INSTRUCTIONS:
whole charge
to be consid-
ered.

diminution of the fair rental value of the property in question from the time you find said nuisance was established, up to the commencement of this suit, and find for the plaintiff in such sum." Appellants complain of this portion of the charge, on the ground that it assumes that the stock-yards were in fact a nuisance, instead of leaving the question of their character to the determination of the jury. There would be ground for this complaint did not the preceding portions of the charge properly instruct the jury as to what would constitute a nuisance, and direct them to find for the defendants if a nuisance had not been proven. Taking the charge as a whole, we do not think the jury could have been misled by the paragraph under consideration.

II. The appellants insist that the paragraph of the charge quoted did not properly instruct the jury as to 2. NUISANCE: temporary; measure of damages. the measure of plaintiff's damages. The alleged nuisance is not necessarily a permanent one, but may be abated at any time by the defendants. Plaintiff would not have been entitled to recover the full value of his property even though he had shown that it was valueless while the nuisance existed, because it might prove to be but temporary, hence the depreciation in rental value, under the facts in this case, was the proper measure of plaintiff's recovery. *Loughran v. City of Des Moines*, 72 Iowa, 382. We think the relief granted was within the prayer of the petition.

III. After the evidence was submitted, the defendants asked the court to instruct the jury to return a 3. ——: damages: stock-yards near dwelling: necessity of railroad. verdict for the defendants. This was refused. Appellants insist that this ruling was erroneous, for the reason that the yards were necessary to the operation of defendants' roads, and the odors of which plaintiff complains could not be prevented, but were necessary, even where the yards were properly conducted. The case of *Dunsmore v. Cent. Iowa Ry. Co.*, 72 Iowa, 182, is relied upon as sustaining this position. We do not think that is a case in point. In that case no complaint

was made that the alleged nuisance was improperly
operated, nor that it was injurious to health. It was
held that the noise, stench and dust of which complaint
was made necessarily attended the proper operation of
the road, and that no recovery could be had for the
annoyance they occasioned. In this case the odors
complained of are not merely an annoyance, but they
are unwholesome, threatening the health of the plaintiff
and his family. It is not shown that they are unavoid-
able, nor does it appear that the yards might not have
been located at another place where they would have
met the necessities of the road and its patrons. As
bearing upon this question, see *Shiras v. Olinger*, 50
Iowa, 571; *Cook v. Benson*, 62 Iowa, 170; *Bushnell v.
Robeson*, 62 Iowa, 541; *Baker v. Bohannan*, 69 Iowa, 62.

We discover no prejudicial error in any of the mat-
ters discussed by counsel for appellants.

AFFIRMED.