MOORE v. THE CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY.

1. **Water and Watercourses**: OBSTRUCTION BY RAILROAD: SURFACE WATER. Water which in the time of a freshet leaves the channel of a stream and spreads over the bottom-land, and is forced back into the channel again by a railroad embankment built across its course, is not to be regarded as surface water in considering the sufficiency of the culvert constructed in the embankment for the passage of the waters of the stream (*Sullens v. Chicago, R. I. & P. Ry. Co.*, 74 Iowa, 659, *followed*); and a company, about to reduce the capacity of its culvert below what the evidence shows will be sufficient to accommodate all of such water, may properly be enjoined at the suit of the owner of the land which will be damaged thereby.

2. ———: OBSTRUCTION: NUISANCE: INJUNCTION: REMEDY AT LAW. The obstruction of the flow of a stream, whereby lands are inundated, is a nuisance, and courts of equity may enjoin the same without averring or proving the insolvency of the defendant. (See *Bushnell v. Robeson*, 62 Iowa, 540 ).

*Appeal from Montgomery District Court.*—HON. H. E. DEEMER, Judge.

FILED, SEPTEMBER 10, 1888.

THIS is an action in equity, in which the plaintiff seeks to enjoin the defendant from obstructing the natural flow of the West Nodaway river, by which proposed obstruction it is claimed that the lands of the plaintiff will be inundated and overflown by the waters of said stream. There was a trial to the court, and a decree for the plaintiff. Defendant appeals.

*Smith McPherson*, for appellant.

*C. E. Richards*, for appellee.

ROTHROCK, J.—I. The evidence in the case dis-closes the following state of facts : The plaintiff has been for many years the owner of a farm, which is for the most part situated on bottom-land on the east side of the Nodaway river. The defendant's line of railroad was built through Montgomery county in 1869, and it crosses said river about one mile west of the village of Villisca. When the road was constructed it spanned the river by a wooden Howe truss bridge, which was one hundred and thirty-seven feet in length, and rested on piling driven in the ground. At each end of the bridge there was trestle-work some fifteen feet in height, upon which the railroad track was laid. The length of this trestle-work at the east end of the bridge is about three hundred and sixteen feet, and at the west end it is about four hundred and eighty-five feet in length. From the east end of the trestle-work on the east side of the river there is a solid earthen embankment for about one thousand feet, at which point there is another open trestle-work seventy-five feet in length and fifteen feet high. The plaintiff's farm is on the north side of the railroad, and its west line is about one hundred and fifty yards east of the river and seventy-five yards from the east trestle approach to the bridge. It appears that the low bottom-lands adjoining the river were subject to overflow to some extent at times of high water, before the rail-road track was constructed. The evidence shows quite satisfactorily that, by reason of the obstruction caused by the railroad, in times of freshets in the river the over-flow water is from two to four feet higher on plaintiff's land on the north side of the railroad than it is on the south side. We think no other reasonable conclusion can be drawn from the evidence in the case. The plain-tiff does not complain of the road as it is at present, not-withstanding it raises the water higher on his land than it would be if the railroad had not been constructed. His complaint is based upon the fact that the defendant is

about to close up the trestle-work at each end of the bridge by solid earthen embankments, and that, if it should be permitted to do so, the flow of water will be so obstructed in times of freshet in the river that it will be raised much higher, and inundate more of his land, and remain upon the land for a longer time than it otherwise would. We think this proposition is sustained by the evidence. Indeed, it appears to us to be a logical conclusion from the practically undisputed fact that, as the road, as it now is, with some eight hundred feet of open trestle approaches to the bridge, obstructs the flow of water, the obstruction must be increased by substituting solid earthen embankments in place of the trestle-work. It appears that the wooden bridge first constructed was destroyed by fire, and that another was built, which was also destroyed in the same way ; and that part of the trestle-work was at one time burned. The defendant, to the end that its road might be more permanent and safe, built stone abutments and an iron bridge, and proposed to make solid embankments in place of the trestle-work. It does not appear, however, that it was proposed to make an embankment in place of the seventy-five feet of trestle-work on the low-land east of the bridge, and not a part of the approach to the bridge. The new bridge is about forty feet longer than the old one and the defendant proposes to widen the banks of the river from one stone abutment to the other, and cut down the surface, so that the water will have a free and unobstructed flow between the abutments ; and it is claimed that when this is done the plaintiff will have no just ground of complaint. We do not think this claim is supported by the evidence. We believe it to be fairly established by the proofs in the case that there will be additional overflow, to the injury and damage of the plaintiff, if the defendant is permitted to make earthen embankments across the low-land, and that such damage will not be averted by the new bridge and cutting away the banks of the stream.

II. It is insisted, however, that the plaintiff has no right to maintain the action, because the water which

Moore v. The Chicago, B. & Q. Ry. Co.

1. WATER and watercourses: obstruction by railroad: surface water.

overflows his land is mere surface water. It appears from the evidence that the West Nodaway river is a natural watercourse, with well-defined banks, and has its source some forty or fifty miles north of the railroad crossing. There are low bottom-lands along the river throughout its whole course. In times of high water, which occurs sometimes once or twice a year, and at other times not so frequently, it overflows its banks, and the current of the stream is widened to the full width of the water. Before the railroad was built, the plaintiff's farm was to some extent subject to this overflow, but very much less than since the road was built. There has been much discussion, and many cases have been determined by the courts, upon the question as to the rights of the parties suffering injuries by the inundation of land by water. A distinction is made as to surface water and the water of natural streams. Under the evidence in this case, we do not regard it as our duty to enter upon a discussion of these questions. The case of *Sullens v. Chicago, R. I. & P. Ry. Co.*, 74 Iowa, 659, so far as it involves the question, is precisely like the case at bar ; and it was held that the defendant was liable in damages. It is sufficient to refer to that case. We are content with the conclusion reached therein, and with the reasoning upon which it is based.

III. The defendant, by its answer, averred that it is a solvent corporation, able and willing to pay all just

2. ——: obstruction : nuisance: injunction : remedy at law.

demands against it, and that the plaintiff has no right to an injunction, because he has a plain, speedy and adequate remedy at law for all damages he may sustain by reason of the proposed improvement of plaintiff's railroad. It is claimed that, as the plaintiff neither alleged nor proved the insolvency of the defendant, the petition should have been dismissed. The rule contended for by counsel has no application to an action in equity to enjoin the erection or abatement of a nuisance. The obstruction of the flow of a stream, by which lands are inundated, is a nuisance, and courts of equity may by

injunction abate or enjoin the same, without averring and proving the insolvency of the defendant. See *Bushnell v. Robeson*, 62 Iowa, 540. AFFIRMED.