CLAYTON COUNTY V. JUSTUS HERWIG AND KATE HERWIG, Appellants.

**Equity Jurisdiction:** JOINDER OF CAUSES. In a suit by a county to correct a description in a deed of land conveyed to it for a road, injunction against obstruction of the highway may be also sought and had, though there be a remedy at law therefor, by abatement of nuisance, or though defendant be punishable criminally for the obstruction.

*Appeal from Clayton District Court.*—HON. A. N. HOBSON, Judge.

FRIDAY, JANUARY 22, 1897.

THIS is an action in equity to reform a deed by correcting a description so that it will express the real intent of the parties to the conveyance. In 1877, the county purchased of Phœbe and Ellen Gordon, the then owners of the land, a piece of ground for a public highway. A mistake was made in describing the land purchased. The land in fact purchased, was fenced out by the grantors, and set apart for highway purposes. It has ever since been used by the public as a highway, and recognized as a public highway by the proper authorities. In 1895 the Gordons sold their land, from which this purchase by the county was made, to the defendant, Kate Herwig. Defendant, when she made the purchase, knew what land belonged to the county. The defendants removed the fence on the line of the highway, and obstructed and impeded travel thereon, by placing posts and wire on and across the same, and by plowing it up. The petition prays for a reformation of the deed, and asks that the

defendants be enjoined from interfering with the free use of said highway, and that they be required to remove all fences and obstructions placed by them thereon. The defendants moved to strike certain allegations from the petition,—the allegations that the Gordons had fenced out and set apart to the county and the public said strip of land; also, all that part of the prayer which asks an injunction and the removal of obstructions. The grounds of the motion, in brief, are that the allegations set out a cause of action for which there is a plain, speedy and adequate remedy at law; that the facts pleaded are irrelevant, and a statement of evidence only; that the portion of the prayer sought to be stricken asks for relief to which plaintiff is not entitled in this action. The court overruled the motion, and the defendants excepted and appeal.—*Affirmed.*

*Davidson & Cook* for appellants.

*J. E. Corlett* for appellee

KINNE, C. J.—Appellants' contention is that the allegations sought to be stricken out, when taken in connection with other parts of the petition, show facts constituting a nuisance, for which a remedy is afforded by sections 4092 and 4093 of the Code, and that the action is improperly joined with an action in equity to reform the deed. In other words, they claim that the remedy of an injunction to restrain the obstruction of a highway cannot be had in an equitable action to correct the conveyance, because the acts sought to be enjoined may constitute a nuisance within the provisions of the criminal law. This court has repeatedly decided that the remedy by injunction exists, even though one may have an action at law to enjoin or abate a nuisance. *Bushnell v. Robeson,* 62

Iowa, 546 (17 N. W. Rep. 888); *Moore v. Railway Co.,* 75 Iowa, 266 (39 N. W. Rep. 390); *Gribben v. Hansen,* 69 Iowa, 256 (28 N. W. Rep. 584); *Ewell v. Greenwood,* 26 Iowa, 379; *Holmes v. Calhoun County,* 97 Iowa, 360 (66 N. W. Rep. 146), and cases cited; *Shirely v. Railroad Co.,* 74 Iowa, 169 (37 N. W. Rep. 133). It was held in *Bushnell's Case,* that this equitable remedy had been, by Code, section 2508, preserved, and that thereby the legal remedy might be made more effectual. No reason appears why the same rule will not apply to a case like that at bar. If it should be conceded that the defendants might be punished for the crime of obstructing the highway, it is no reason why, in such a suit as this, they may not be enjoined, if it is found that they had committed the acts complained of, and thereby prevented from a constant repetition of them. Furthermore, a court of equity having jurisdiction for the purpose of correcting the deed, the relief sought by injunction is incidental thereto; and it is the policy of such courts, when juridisction is once obtained, to retain it until the controversy is settled. As is said in *Insurance Co. v. McCrea,* 4 G. Greene, 230, "it is within the peculiar province of that court [equity] to correct mistakes, and relieve against errors of this kind; and, having got jurisdiction for that purpose, they have power to go on and complete the remedy, even though, by so doing they decide upon matters purely pertaining to courts of law." *McDowell v. Lloyd,* 22 Iowa, 450; *Stapleton v. King,* 40 Iowa, 284. The cases cited by appellants are not applicable. The ruling of the court was correct, and in harmony with the holdings of this court.— AFFIRMED.