## DAMAGES FOR NUISANCE IN THE FORM OF A STABLE ADJOINING RESIDENCE PROPERTY.

[Circuit Court of Cuyahoga County.]

### THE B. STROTH BREWING COMPANY v. EMILY SCHMITT.

Decided, June 8, 1903.

*Nuisance—Permanent, or Continuing and Abatable—Measure of Damages by Reason of Abatable Nuisance.*

1. Where a stable is built upon a lot adjoining residence property, and suit is brought by the adjoining lot owner for damages on account of smells arising from the stable and the noise from horses stamping upon the floors, it is error in the charge to the jury to treat the nuisance thereby created as a permanent nuisance; its true character is that of a continuing or abatable nuisance.

2. The measure of damages in such a case is not the depreciation in the value of the plaintiff's property by reason of the presence of the nuisance, but the loss sustained by the property owner, from the time the nuisance was created to the bringing of the suit.

WINCH, J.; HALE, J., and MARVIN, J., concur.

Error to the Court of Common Pleas.

The parties own adjoining lots on Case avenue, in the city of Cleveland. The Brewing Company built a substantial brick structure upon its premises, which comes out to the street line and is within eighteen inches of Mrs. Schmitt's residence. The Brewing Company equipped its brick building as a stable, with over twenty stalls, and is keeping its horses therein. Mrs. Schmitt, complaining that the floor acts as a sounding board upon which the horses stamp at night, disturbing her sleep; that the flies and foul smells from the stable invade her dwelling and make it almost unihabitable, brought suit against the Brewing Company and recovered judgment against it for $1,000.

The Brewing Company now asks that this judgment be reversed because, as it alleges, the trial judge misconceived the rule of damages applicable to the case and therefore erred both in ruling on evidence and in his charge.

Our attention is called to the following testimony:

"*Q.* I will ask you about what was the value of that property as a residence, before the barn was constructed?

(Objected to by the defendants; which objection was over-
ruled by the court; to which ruling the defendants
then and there excepted).

"*A.*   I consider that property, before that barn was put up
there, cheap at $4,000.   If it was mine, I would have sold it for
that.

"*Q.*   How much less is it worth now, if you know?

(Objected to; objection overruled, to which defendants
then and there excepted).

"*A.*   I would not take it to-day for $1,000, if they would offer
it to me;"

And to that part of the charge which read as follows:

"You have had some testimony on the value of this property;
some testimony as to the value before, and the value now; perhaps
not as satisfactory in all respects as you would like; but from what
testimony you have had, you would have to determine how much the
plaintiff was damaged by reasons of these things of which I speak—
the things which caused hurt, inconvenience, annoyance or dam-
age."

It is conceded that if the nuisance complained of is a permanent,
as distinguished from a continuing or abatable, nuisance, there
was no error in the charge, although the answer to the second ques-
tion quoted was objectionable.   There was no request to withdraw
this answer from the consideration of the jury.   But counsel for
plaintiff in error contend that the nuisance arises not from the
building itself, but from the use it is put to and the manner in
which it is used.   They say that the Brewing Company may cease
to use the building as a stable, or continuing its use for such pur-
pose, may abate the offensive smells and other annoyances which
arise therefrom; that, although the structure is a lawful one and
the use it is put to is lawful, the Brewing Company so uses its
property as to injure Mrs. Schmitt—in other words, that the
nuisance is continuing and abatable.   With this view of the case
we agree.   As to the measure of damages under such circumstances,
let us examine the decisions in Ohio.

In the case of *Harsh* v. *Butler,* Wright's Rep., 99, the plaintiff
complained of an injury to his mill and land, by the defendant's
dam flooding water back upon it, and Judge Wright charged the

jury that if the plaintiff had proved the injury, he was entitled to damages in such an amount as would compensate him for the injury from the time of the erection of the dam up to the bringing of the suit. "It is not the price of the land that you are to give in damage, but a sum equal to the injury arising from the loss of the use of it, with the expense of prosecuting the suit for redress."

In the case of *Thayer* v. *Brooks,* 17 Ohio, 489, Judge Birchard said: "The injury complained of in the declaration is, that the mill was rendered less useful for want of the water which had been wrongfully diverted, and became much injured and deteriorated in value. The court instructed the jury that the owner of the mill might recover for the injury sustained by the diminution in value of the mill-site, consequent upon the diversion of the water. This was going too far."

In the case of *City of Toledo* v. *Lewis,* 17 C. C., 588, the property of the plaintiff was injured by the city filling up a street and raising catch-basins of sewers, whereby the drainage of her lot was destroyed and the water set back on her lot, making the same unwholesome and untenable, and Judge Haynes held: "The measure of damages to which she is entitled in such case would be the difference in the value of the use of her property before and after the acts of the city, during the four years prior to the commencement of the action, as also damages for the injury to plaintiff's health during these four years." This case was affirmed by the Supreme Court without report. 52 O. S., 62.

In the case of *Railroad Co.* v. *Lersch,* 52 O. S., 637, damages were asked because the railroad company ran its cars and locomotives along a switch track close by the plaintiff's business building and improvements, causing discordant noises and filling said premises with smoke, vapor and dust, and emitting sparks of fire, to the damage and discomfort of its occupants. As to the measure of damages the Supreme Court says (pages 652 and 653) : " * * * where * * the plaintiff in his petition sets forth specifically the acts which have injured his property and the particular injuries such property has sustained, his recovery should be limited accordingly. Taking this view of the matter as the correct one, it is manifest that the court of common pleas erred in permitting

the plaintiff below to introduce, as the measure of damages, evidence of the difference between the value of the property before the railroad occupied the street with its track and its value afterwards."

In the case of *City of Mansfield* v. *Hunt*, 19 C. C., 486, it was held by Judge Voorhees: "When the nuisance complained of is of such a character that it can be removed by removing the cause thereof, or for the continuance of which a second or third action may be maintained, or which may be abated by the order of a competent court, and the injury to the premises already inflicted is not of a permanent nature, the rule that in actions for nuisance the measure of damages is the difference between the market value of the land before and after the occurrence of the injury, is not the rule for assessing damages." This was an action to recover damages for discharging sewage into a natural water course running through the lands of the plaintiff.

To the same effect are the following authorities:

*Uline* v. *N. Y. Cent., etc., R. R.*, 101 N. Y., 98; *Shively* v. *Cedar Rapids, etc., Ry. Co.*, 74 Iowa, 169; 7 Am. St., 471; *Randolph* v. *Town of Bloomfield*, 77 Iowa, 50; 14 Am. St., 268; *Robb* v. *Carnegie Bros. & Co.*, 145 Pa. St., 324; 27 Am. St., 694; *Jos. Schlitz Brew. Co.* v. *Compton*, 142 Ill., 511; 34 Am. St., 92.

In the light of the foregoing cases there was error to the prejudice of plaintiff in error, both in the admission of evidence and in the charge, for which the judgment is reversed.

*Kline, Carr, Tolles & Goff*, for plaintiff in error.

*John C. Hutchins*, for defendant in error.