J. K. & W. H. GILCREST COMPANY AND OTHERS, Appellants, v. THE CITY OF DES MOINES, and the CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

Railroads: OBSTRUCTION OF STREET: NUISANCE: EQUITABLE RELIEF.
1 The custom of a railway company of permitting its trains to stand upon its tracks across an intersecting public street for an unreasonable length of time is a continuing nuisance,

against which the statute of limitations will not run; and equity will restrain such nuisance even though an ordinance of the city authorizes the same, as certiorari is not an exclusive remedy, nor does the statute making it a criminal offense to obstruct a public highway afford adequate relief.

**Streets:** POWER OF CITY OVER. A city holds the title to a street in 2 trust for the general public, and may grant to a railway company the right to use a street intersection, provided such granted right does not destroy the public use of the same, or amount to a private nuisance.

*Appeal from Polk District Court.*— HON. C. A. BISHOP, Judge.

SATURDAY, MARCH 11, 1905.

SUIT in equity asking that certain ordinances of the defendant city be declared void, and that the defendant railway company be enjoined from acting thereunder. A demurrer to the petition was sustained, and the plaintiffs appeal.— *Reversed.*

*Clark & McLaughlin,* for appellants.

*Carroll Wright* and *John I. Dille,* for the railway company.

No appearance for the city.

SHERWIN, C. J.— The plaintiffs are the owners of real property located between Vine and Market streets, west of the river, in the city of Des Moines. The railway company's tracks run east and west on Vine street, crossing Fourth street at its intersection therewith. Its old depot is situated in the angle east of Fourth and north of Vine street, and its present passenger station is immediately west of Fourth street, opposite the old one. In 1875 the defendant city passed an ordinance containing, among others, this provision: "That for and on account of the

consideration hereinafter mentioned there is hereby granted
to the Chicago, Rock Island & Pacific Railroad Company
the right to occupy West Fourth street, at its intersection.
with Vine street, with trains or cars: provided, no train
or trains of cars shall be allowed to remain on or obstruct
said Fourth street at said intersection to exceed thirty
minutes at any one time." In 1900 the city passed an
ordinance containing the following provision: "There is-
also hereby granted to said, the Chicago, Rock Island &
Pacific Railway Company, its successors and assigns, the
right to construct and maintain an arch over West Fourth
street in the city of Des Moines, Iowa, to connect the sta-
tion building of said railway company erected and to be
erected on either side of said Fourth street as hereinafter
provided, said arch to be constructed to clear the top of
the curb on said street at least eighteen feet; there is also
hereby granted said railway company, its successors and
assigns, the right to construct and maintain train sheds
over its tracks between West Third and Fifth streets, on
Vine street, said sheds to be constructed so as not to impede
travel at the intersection of Vine and Fourth streets in
said city." The petition alleges that these ordinances are
illegal and void — the first, because it undertook to give
the railway company the right to unnecessarily and un-
reasonably obstruct and delay public travel on Fourth
street, by permitting its trains to stand thereon an unrea-
sonable time; and the second, because an arch and train
shed over said street will be a public and private nuisance,
and the city had no power to grant the company such right.
The petition further avers that Fourth street is a necessary
way to the plaintiffs' property and the business conducted
thereon, and that an obstruction thereof will damage them
in a manner not common to the general public; that the
railway claims the right under the ordinance of 1875 to
unnecessarily and unreasonably stand its trains on and
across Fourth street, to the great delay of the public, and

to the damage of the plaintiffs. An injunction was asked, restraining the railway company from permitting its trains to stand across Fourth street to the injury of the public and the plaintiffs, and restraining it from building an arch or train shed over said street.

The demurrer raised many questions as to the sufficiency of the petition, and was sustained generally. The appellee, however, now insists on only four of the points so raised. Its first contention is that the petition attacks the validity of the ordinance of 1875, and that as to that ordinance the action is barred by the statute of limitations. The petition is peculiar, in that it neither directly alleges that the appellee has used the crossing of Fourth street as authorized by the ordinance, or that it threatens or is about to use it. Enough is alleged, however, from which it may be inferred, perhaps, that at the time the action was commenced it was so using it, and claiming the right to do so under said ordinance. Whether the appellee had obstructed the crossing for 30 minutes at a time during the existence of the ordinance is a matter of little moment, so far as the present question is concerned, for the reason that such acts would constitute a continuing nuisance, under the allegations of the petition, and the statute of limitations would be no bar to an action to restrain a continuance thereof if equity may be invoked to determine the rights of the parties.

*1. RAILROADS: obstruction of street; nuisance; equitable relief.*

If it be true, as contended, that certiorari is the appellants' only remedy, then, of course, the plea of the statute is good. But certiorari is not the only remedy that may be resorted to, nor does the statute making it a criminal offense to obstruct a public highway afford such a complete remedy as to deprive equity of jurisdiction in the matter, for, while it is ordinarily true that the powers of a court of chancery may not be used to restrain the commission of a crime, such is not always the rule, and one of the clear

and universal exceptions thereto is to be found in cases of public or private nuisances. *Clayton County v. Herwig,* 100 Iowa, 631; 2 Story's Equity, 223–228; Bispham's Prin. of Equity, section 439; 1 High on Injunctions, section 745. The ground of this jurisdiction is the ability of courts of equity to give more complete and adequate relief than is attainable at law, and to prevent irreparable mischief and vexatious litigation. In this case it is manifest that, if the appellants are compelled to resort to criminal proceedings, they may not secure that full protection which the law contemplates. *Bushnell v. Robeson,* 62 Iowa, 546; *Moore v. Railway Company,* 75 Iowa, 266.

The appellee further contends that the fee title to streets is in the city, that it holds it in trust for the general public, that it may exercise such trust as it shall deem proper, and that a court of equity has no power to inquire into the reasonableness of its exercise thereof; the exclusive remedy being by certiorari. A part of the proposition is correct, for it is true that the title to the streets is in the city, and held in trust for the public. But that the city may exercise the trust without interference from the courts is not true, and it has never been so held in this State. On the contrary, the rule is well settled that the trust is not only for the benefit of the public, but that the city may not, by ordinance or otherwise, destroy or unnecessarily or unreasonably abridge the right of the public to the free and unobstructed use of the streets. *City of Des Moines v. Hall,* 24 Iowa, 234; *Haight v. City of Keokuk,* 4 Iowa, 199; *Town of Spencer v. Andrew & McQueen,* 82 Iowa, 14; *Meyers v. C., R. I. & P. R. Co.* 57 Iowa, 555; *Pettit v. Grand Junction,* 119 Iowa, 352. Cities have express statutory power to grant the use of their streets for railway purposes, and the power so granted carries with it the implied power to permit temporary and not unreasonable use thereof for standing trains. But under this power the city

2. STREETS: power of city over.

may not entirely destroy the public use of the street, nor permit such use thereof as shall constitute a private nuisance; and a court of equity has jurisdiction to restrain the continuance of either a public or private nuisance.   See works on Equity heretofore cited:   *Pettit v. Grand Junction, supra; Gatch v. City of Des Moines,* 63 Iowa, 718; *Brockman v. City of Creston,* 79 Iowa, 587; *Des Moines City Ry. Co. v. City of Des Moines,* 90 Iowa, 770; *Moffitt v. Brainard,* 92 Iowa, 122; *McLachlan v. Town of Gray,* 105 Iowa, 259; *Meyers v. Ry. Co., supra.*

We therefore reach the conclusion that the demurrer relating to the obstruction of Fourth street by standing trains should have been overruled.

The petition does not allege that an arch and train shed over Fourth street at its intersection with Vine will obstruct the street, and no facts are stated which indicate that such structures will in themselves be nuisances; hence we are of the opinion that the demurrer to this branch of the case was properly sustained. *Parmenter v. City of Marion,* 113 Iowa, 297.

For the error pointed out, the judgment is *reversed.*

BISHOP, J., taking no part.