Randolf v. The Town of Bloomfield.

RANDOLF v. THE TOWN OF BLOOMFIELD.

1. **Pleading:** WAIVER OF ERROR BY ANSWERING. Error, if any there was, in overruling defendant's motion to require plaintiff to make his petition more specific, was waived by answering the petition. (See cases cited in opinion.)

2. **Nuisance:** TO HOMESTEAD : MEASURE OF DAMAGES. The owner of a homestead, in an action to recover for a nuisance affecting his homestead and the health and comfort of his family, is not limited to the damages sustained, by reason of the depreciation of the rental value of the property, but is entitled to recover for the inconvenience and discomfort suffered, and the deprivation of the comfortable enjoyment of the property by himself and family. (See cases cited in opinion.)

3. ————: SEWER : DAMAGES : EVIDENCE AS TO OTHER SEWERS. In an action for damages caused by a sewer which emptied near plaintiff's premises, evidence that another sewer of similar construction and use did not, at its outlet, produce offensive smells was properly excluded.

4. **Practice:** EVIDENCE OMITTED BY OVERSIGHT : PRESUMPTION IN FAVOR OF TRIAL COURT. Where plaintiff, after resting his case, asked leave to introduce further evidence on the ground of oversight, and he was allowed to introduce it, this court will presume, in the absence of proof to the contrary, that the court found it be to a case of oversight or inadvertence, and so admitted the evidence under the statute authorizing its admission in such a case.

5. **Nuisance:** DAMAGES : NUISANCE KEPT BY PLAINTIFF : CONTRIBUTORY NEGLIGENCE. In an action to recover for damages caused by a nuisance, the fact that plaintiff himself was guilty of keeping a nuisance resulting in similar damages to himself cannot defeat his recovery. The doctrine of contributory negligence does not apply to such a case.

Randolf v. The Town of Bloomfield.

*Appeal from Davis District Court.*—HON. CHAS. D. LEGGETT, Judge.

FILED, JANUARY 29, 1889.

ACTION to recover for a nuisance caused by defendant constructing and maintaining a sewer, which emptied into a street, near plaintiff's dwelling house. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*S. S. Carruthers* and *F. W. Moore,* for appellant.

*Payne & Eichelberger,* for appellee.

BECK, J.—I. The cause will be disposed of by considering the objections made by defendants to the judgment, in the order of their discussion by counsel. The petition alleges that the nuisance rendered plaintiff's dwelling "less habitable," and the smells emanating therefrom detracted from the enjoyment thereof, and produced "intolerable physical discomforts to plaintiff and his family, causing sickness in his family," to the great damage of plaintiff, etc. The defendant moved the district court for an order requiring plaintiff to make his petition more specific, so as to show the nature of the sickness of plaintiff's family, its duration, etc., and other matters. The motion was overruled. The defendant answered the petition, and thereby waived the error, if any there was, in overruling the motion. *Kline v. K. C., St. J. & C. B. Ry. Co.,* 50 Iowa, 656; *Coakley v. McCarty,* 34 Iowa, 105.

*1. PLEADING: waiver of error by answering.*

II. The district court held in the instructions that plaintiff was not limited in his recovery to the damages sustained by reason of the depreciation of the rental value of the property, but was entitled to recover for the inconvenience and discomfort suffered, and the deprivation of the comfortable enjoyment of the property by himself and his family. We think the instructions are correct. The

*2. NUISANCE: to homestead: measure of damages.*

premises which the nuisance affects were occupied by plaintiff and his family as his homestead. Surely it would be vain to endeavor to determine plaintiff's damages by inquiring as to the rental value of his homestead. It was not for rent, and may not have been so constructed or so located as to be sought for by tenants. Yet it may have been well adapted to the wants, convenience and tastes of plaintiff and his family. To them it was a home, and the deprivation of the comforts enjoyed by plaintiff and his family could not be compensated by estimating its rental value alone. Wood, Nuis., sec. 866; 3 Suth. Dam. 416; 5 Amer. & Eng. Cyclop. Law, p. 38, sec. 9, 2b; *Brown v. Railway Co.*, 80 Mo. 457; *Pierce v. Wagner*, 29 Minn. 355; 13 N. W. Rep. 170; *Emery v. Lowell*, 109 Mass. 210. The law requires that plaintiff be compensated for the injury he has sustained by the nuisance. This court has held that the measure of damages for trespass to real property is not complete unless the owner be compensated for the use and enjoyment, if he be deprived thereof. *Graessle v. Carpenter*, 70 Iowa, 166. While rental value may be the subject of inquiry in some cases in order to determine the damages, it is plain that when the enjoyment of a homestead, as in this case, was destroyed or diminished, the true rule for the measure of damages requires the owner to be compensated therefor. In *Shively v. C. R., I. F. & N. W. Ry. Co.*, 74 Iowa, 169, and in *Loughran v. City of Des Moines*, 72 Iowa, 382, instructions were approved which hold that recovery for the depreciation of the rental value of property occupied by the plaintiffs as a homestead, caused by a nuisance, may be recovered; but it is not held that no other element, as the deprivation of the comfortable enjoyment of the property, cannot be considered in determining the damages. No such question was made in either case. In the last-named case it was held that damages resulting from loss of time, and expenses incurred by sickness caused by the nuisance, should be allowed.

III. The defendant proposed to prove that another sewer of similar construction and use did not, at its outlet, produce offensive smells. The evidence was rightly excluded, for the reason, if no other, that the evidence did not propose to show that the two sewers were alike in the construction, and in their use were not subject to different conditions. The sewers may have been similar in their use and construction, and yet differ as to consequence of their use. It may be that if they were alike, or the same, in their construction and use, the effects of the use of each would have been alike.

3. ——: sewer: damages : evidence as to other sewers.

IV. After plaintiff had rested his case, and before the argument to the jury had been commenced, the court permitted plaintiff, against defendant's objection, to introduce evidence to show the depreciation in the rental value of the property, caused by the nuisance. Counsel for defendant admit that if there had been any oversight in the introduction of the evidence it would have been rightly admitted under the statute. We will presume that the district court found it to be a case of oversight or inadvertence. The motion was based upon that ground, and, in the absence of proof to the contrary, we will hold that the court ruled rightly, and in so ruling found the existence of such oversight or inadvertence.

4. PRACTICE : evidence omitted by oversight : presumption in favor of trial court.

V. The defendant asked certain instructions intended to apply the doctrine of contributory negligence to the case, on the ground that plaintiff had maintained nuisances himself, which caused offensive smells upon his premises. The injury complained of by plaintiff is a nuisance maintained by defendant. Now, it is very plain that plaintiff, by maintaining another nuisance, would not contribute to the injury caused by defendant's nuisance. He would cause a separate and additional injury, resulting from wholly different acts from those done by defendant. He would not contribute to the injury done by defendant, but would

5. NUISANCE : damages: nuisance kept by plaintiff: contributory negligence.

commit another injury. It is very plain that the doctrine of contributory negligence does not apply to the case. But if plaintiff did maintain another nuisance, this should be considered in determining the extent of defendant's liability. Upon this point the district court gave the jury correct instructions.

VI. The verdict is sufficiently supported by the evidence. While there is the usual conflict, it cannot be said that on any point there is an absence of all evidence to support the findings of the jury.

AFFIRMED.