Ferguson v. The Firmenich Manuf. Co.

# FERGUSON v. THE FIRMENICH MANUFACTURING COMPANY.

1. **Waters:** RIGHTS OF UPPER AND LOWER OWNERS ON STREAM. The lower owner of land upon a stream has the right to have the water which flows from the land of an upper owner in as pure and wholesome condition as a reasonable and proper use of the stream by the upper owner will permit. What is a reasonable use must be determined from the circumstances of the case.

2. ———: LIABILITY OF UPPER OWNER CONTRIBUTING TO POLLUTION. Where the upper owner contributes to the pollution of a stream already polluted from above, but what he contributes makes the water unfit for stock, and charges it with noxious gases, when before it was fit for stock and free from such gases, he is liable to the lower owner in damages. (See *Platt v. Railway Co.*, 74 Iowa, 131; *Ewell v. Greenwood*, 26 Iowa, 377.

3. ———: POLLUTION BY BOTH UPPER AND LOWER OWNERS: LIABILITY. The lower owner on a stream cannot recover of the upper owner for polluting it, when he himself pollutes it also, and thus contributes to the very injuries of which he complains. (See cases cited in opinion.)

4. ———: POLLUTION OF STREAM BY UPPER OWNER: MEASURE OF DAMAGES. Where the upper owner, by the unreasonable use of a stream, pollutes it, so that the water, as it flows upon the farm below, is not only useless for stock and domestic purposes, but also is a source of sickness, pain and discomfort to the lower owner and his family, he is entitled to recover not only the difference in the rental value of the farm on account of the nuisance, but also such special damage as he may have suffered, including that resulting from sickness, pain and discomfort. (See cases cited in opinion.)

*Appeal from Marshall District Court.*—HON. S. M. WEAVER, Judge.

FILED, MAY 20, 1889.

ACTION to recover damages alleged to have been caused by the wrongful acts of defendant in polluting a stream of water. There was a trial by jury, and a verdict and judgment for plaintiff. The defendant appeals.

*J. L. Carney*, for appellant.

*J. F. Meeker* and *Caswell & Meeker*, for appellee.

ROBINSON, J.—Plaintiff is the owner of four hundred and twelve acres of land, through which Linn creek flows from the southwest in a northeasterly direction, into the Iowa river. He resides upon this land, and uses it in part as a stock and dairy farm. The defendant operates a glucose factory, situate on the creek aforesaid, about half a mile southwest of the farm of plaintiff. Sheds for feeding cattle are located near the factory, and are used in connection with it. Plaintiff claims that in the years 1886–87–88 the defendant caused to be discharged into the creek, from its factory and cattle-sheds, large quantities of acids, poisons, manure and other filth, in consequence of which the water flowing therein was so polluted that it could not be used for stock or domestic purposes; that in consequence of such discharges the water of said creek emitted unwholesome and noxious vapors and odors; that by reason of the said acts of defendant the plaintiff and his family suffered and became sick, the products of his dairy were greatly injured, and the use of his farm, and stock thereon, were greatly damaged; that before said acts of defendant were committed the said stream furnished excellent water, which was used by plaintiff for his stock, and for domestic purposes; that said stream furnishes the only running water on his farm; and that the said acts of defendant were wrongful. Defendant denies these claims of plaintiff, and alleges that the creek has for years taken and received the drainage and sewage of the southern and eastern part of Marshalltown, including that from slaughter-houses located thereon, factories, fat-rendering establishments, outhouses and other sources of filth, and that, in consequence its water becomes unfit for use. Defendant further claims that the contamination of the water, and the vapors and odors of which plaintiff complains,

are due to a slaughter-house which is maintained on his land, and for which he is responsible. The evidence shows that during the year 1887 the water of Linn creek, from a point above the glucose factory, to its confluence with the Iowa river, was in a foul and unwholesome condition, and that noxious odors were exhaled therefrom. Some of the evidence tended to show that acts authorized by defendant contributed largely to produce that condition. There was also some evidence which tended to show that plaintiff was partially responsible for the evils of which he complains.

I. The relative rights of the upper and lower owners of lands intersected by a stream of water were considered to some extent in the case of

1. WATERS: rights of upper and lower owners on stream.

*Spence v. McDonough, ante*, p. 460. We said in that case that the lower owner has the right to have the water which flows from the land of an upper owner in as pure and wholesome a condition as a reasonable and proper use of the stream by the upper owner will permit. The upper owner will not be allowed to poison or corrupt the stream. Washb. Easem. 332; 1 Hill, Torts, 601. In many cases he may use all of its water, to supply what are termed his natural wants, as for household purposes and for his stock, but cannot appropriate it all for so-called artificial purposes, as for manufacturing, to the damage of a lower owner. Washb. Easem. 330; Gould, Waters, sec. 205. The upper owner may, as a rule, use the stream in a reasonable manner, for reasonable purposes, even as a means of carrying off waste matter. Whether the use to which he wishes to devote it is reasonable must be determined by the circumstances of the case. Washb. Easem. 326; Gould, Waters, sec. 206.

II. It is claimed by appellant that Linn creek, above the farm of plaintiff, has been used as a common sewer by the city and inhabitants of Mar-

2. ——: liability of upper owner contributing to pollution.

shalltown for many years, and was so used during the time in question; that in consequence of such use its water was polluted and rendered unfit for domestic purposes and for stock,

and that defendant, at most, only contributed to the results of which plaintiff complains. But, if that be true, it would not relieve defendant from liability in this action. The right to so use the stream is not shown to exist. Plaintiff owned the land involved in this suit before such use of the stream was made, and had a vested right in it, of which he has not, so far as is shown, been deprived. If the claim of defendant be true, it could not escape responsibility for the wrong because others contributed to it. But plaintiff contends that, although the water of the creek had been somewhat contaminated by the sewage of the city and other causes, yet it was, and would have been, good for stock, and would have been free from noxious odors, but for the acts of defendant. Some of the evidence tends to support this claim, and, if it be well founded, the plaintiff should recover. Code, sec. 3331; *Platt v. Railway Co.*, 74 Iowa, 131; *Ewell v. Greenwood*, 26 Iowa, 377; Wood, Nuis., sec. 445.

III. In November, 1885, plaintiff leased, for the purpose of putting a slaughter-house thereon, a small
3. ——: pollution by both upper and lower owners: liability. tract of ground near his dwelling and on Linn creek "with the privilege of the creek." There was evidence to the effect that a slaughter-house was constructed under the lease and operated during 1887; that much animal matter was thrown therefrom into the creek, and permitted to corrupt its water; that other animal matter was thrown about the slaughter-house and there permitted to decay; that the slaughter-house was a nuisance, for which plaintiff was in part responsible, and that to that source, and other causes due to him, much of the evil of which he complains is attributable. The responsibility of plaintiff for the condition of the stream and the odors in controversy was put in issue by the answer. Appellant sought to establish that responsibility during the trial, and asked an instruction in regard to it, which was refused. The court charged the jury that "if it appears that the offensive exhalations complained of were caused by the act or omission

of plaintiff himself, or by others, acting without the co-operation, connivance or assistance of the defendant, then he cannot recover anything on account of such alleged annoyance or disturbance in the comfortable use and enjoyment of his premises;" but it failed to charge them as to the effect of contribution by plaintiff to the results of which he complains. It is insisted by appellee that he is entitled to recover, if a wrong has been proven, notwithstanding the fact that he may have contributed to it. We do not think his position is well taken. If he contributed to the wrong, he and defendant were joint wrongdoers. In law, the act of each was the act of both. It was said in *Turner v. Hitchcock*, 20 Iowa, 318, that there is no contribution among tort-feasors who have all knowingly committed a wrong, and that the damage is not severable or apportionable between them. See, also, 1 Hill, Torts, 176, note 3; *Metz v. Soule*, 40 Iowa, 238; *Cassady v. Cavenor*, 37 Iowa, 300. It is true, the answer charges that the damage of which plaintiff complains was the result of his own act in maintaining a slaughter-house; but it also sets out various alleged acts of plaintiff which were contributory in their nature; and the efforts of defendant during the trial were largely directed to showing contribution on the part of plaintiff. The instruction in regard to contribution asked by defendant was objectionable in some respects, but it directed attention to that issue, and an instruction in regard to it should have been given. Acts of plaintiff sufficient to defeat his recovery would be such as contributed to cause those things of which he complains. If he has sustained damage from the wrongful acts of defendant to which he did not contribute, then he should recover therefor. The evidence seems to show that different portions of plaintiff's farm were devoted to different uses. Some of his stock was kept in a field between the slaughter-house on his premises and the factory and sheds of defendant. It may be that the alleged wrongful acts of plaintiff did not affect the water of the stream so far up as that field, and that he would be entitled to recover as to that and

the cattle kept therein, or, if his acts did not contribute to the odors in controversy he may be entitled to recover the damage caused by them, the liability of defendant being established; but he cannot recover for a wrong for which he is in whole or in part responsible. Field, Dam. 21.

IV. The court charged the jury as follows: "If you find for the plaintiff, the measure of his recovery will be the difference, if any, between the fair and reasonable value of the use of his premises as they would have been without the alleged nuisance, and the fair and reasonable value of said premises with the alleged nuisance, with such other and further sum as will fairly and reasonably compensate him for the bodily sickness, pain and discomfort which he has suffered (if from the evidence you find he has suffered any) by reason of the nuisance or offensive exhalations from the creek occasioned by defendant's wrongful act in contaminating it, if such wrongful contamination has been proved." It was clearly erroneous, and probably the result of an oversight, to charge the jury that the measure of plaintiff's recovery would be the difference between the value of the use of the premises in one case and the value of the premises in the other. It is contended by appellant, that depreciation in rental value of the premises is not a proper measure of remedy in the case; that the measure would be the expense of watering stock from a well, or putting in a windmill, or replacing the supply of water by other means. But plaintiff complains of a nuisance which affected the use and enjoyment of his home and farm. The loss of water was only a part of the damage he claims to have sustained. In such cases the depreciation in rental value may be considered. *Randolf v. Town of Bloomfield, ante,* p. 50; *Shively v. Railway Co.,* 74 Iowa, 170; *Loughran v. City of Des Moines,* 72 Iowa, 384.

V. It is further urged by appellant that plaintiff is not entitled to recover for bodily sickness, pain and discomfort, and that the portion of the charge quoted is erroneous in permitting

4. ——: pollution of stream by upper owner: measure of damages.

THE SAME.

recovery for them. We held in *Randolf v. Town of Bloomfield, supra,* that the person injured was not limited in his recovery to the damages sustained by reason of the depreciation of the rental value of the property affected by the nuisance, but that he was also entitled to recover for the inconvenience and discomfort suffered, and the deprivation of the comfortable enjoyment of the property by himself and family. In *Loughran v. City of Des Moines, supra,* we decided that recovery might be had for loss of time and expense incurred by reason of sickness, in addition to the depreciation in rental value of the premises. It is the policy of the law to allow to the injured party full compensation for all injuries sustained. *Randolf v. Town of Bloomfield,* and cases therein cited. Following that rule, we conclude that there may be a recovery for such special damages as plaintiff may have suffered, including that resulting from sickness, pain and discomfort. Code, sec. 3331; *Ellis v. Railway Co.,* 63 Mo. 131; 3 Suth. Dam. 415–417; *Kearney v. Farrell,* 28 Conn. 320.

VI. Complaint is made of the action of the court in giving other portions of the charge, and in refusing to give instructions asked by defendant. What we have already said indicates our views on the questions thus raised. Other questions discussed by counsel may not arise on another trial. For the errors pointed out the judgment of the district court is

REVERSED.