F. E. Churchill v. The Burlington Water Company,
Appellant.

**Damages:** AUTHORIZED NUISANCE. That one is authorized by ordinance having legislative sanction to erect and operate waterworks does not take away liability for the discharge of soot upon adjacent dwellings, the grant stating neither place or character of the authorized plant, and the same not having been approved by the council.

**Measure.** The evidence dealt largely with the value of the property, to some extent with rental value, and the court had the circumstances as to how the said discharge affected the plaintiff's homestead. None of the evidence as to damages was objected to. *Held*, plaintiff was not confined to recover depreciation in rental value but could recover for inconvenience and discomfort suffered and for deprivation of comfortable enjoyment of the property by himself and family.

**Easement Defined.** A prescriptive right to discharge smoke upon another's premises is such an easement as that user is not proof of claim of right. Code, 2031.

**Statute of Limitations:** EASEMENT. The ten years which may create a prescriptive right to throw smoke upon another's premises does not begin to run till the smoke begins to do damage.

**Same.** Damages through a nuisance do not accrue until the nuisance results in damage.

*Appeal from Des Moines District Court.*—Hon. J. M.
Casey, Judge.

Wednesday, April 3, 1895.

Action to recover damages for an alleged nuisance. Trial to the court. Judgment for plaintiff. Defendant appeals.—*Affirmed.*

*P. Henry Smyth* and *Power, Huston & Power* **for** appellant.

*C. L. Poor* and *C. C. Clark* for appellee.

Kinne, J.—I. This is an action for damages for a nuisance caused by the defendant in the operation of its works, whereby large quantities of smoke and soot were emitted from the smokestack of its works, and carried upon plaintiff's premises and into his dwelling house; rendering the air impure and unwholesome, and interfering with plaintiff's comfortable enjoyment of life and of his property. The defense interposed was— First, that the acts complained of were done under legislative authority, and that the damages were consequential, for which plaintiff had no redress; second, a plea of the statute of limitations; third, that defendant had acquired a prescriptive right to discharge its smoke and soot as it did by over ten years' adverse uses. The cause was tried to the court, and a judgment rendered against defendant for six hundred dollars, from which this appeal is prosecuted.

II.   The court, at the instance of the parties, made findings of fact. We need not set them out in full. In so far as is necessary, they will be referred to hereafter. Defendant's claim is that it was authorized by the city ordinance which was enacted under the power given in the statute, to build and operate its works where it did and as it did; that this grant carried with it the right to exercise all such incidental powers as were requisite to the efficacious and beneficent exercise and enjoyment of the right granted; and that the burning of soft coal was necessary, and plaintiff cannot recover damages. Very many cases are cited from this and other states which hold that, under certain circumstances, damages are not recoverable which grow out

of the proper exercise of a power granted by law.  We are not called upon to cite or discuss them.  They are not applicable to a case like this.  The ordinance in question, and the statute under which it was passed, did not authorize or require the location of defendant's works in a public street, nor were they so located.  Nor were said works required to be located at any particular place, nor at the place where they were in fact erected.  There was no requirement as to the character or manner of construction of defendant's chimney, or its location or height.  No action was taken by the council formally approving of the location finally selected.  Subject to the approval of the council, the defendant exercised its own election as to the location of its plant.  Nor was there anything in the statute or ordinance which conferred upon the defendant the authority, or required it, to so locate and construct its works, or to so operate them, as that a nuisance would thereby be created.  Nor can we presume from a mere grant of power to erect, maintain, and operate waterworks, that either the legislature or city council intended to legalize the erection and maintenance of a nuisance.  It would require a very clear case to justify us in so presuming, and there is nothing in this record which warrants us in so holding.  It is sometimes said that that which is authorized by law cannot be a nuisance.  In one sense, that is true.  In another, it is an incorrect statement of the law.  An act done under such circumstances, and within the proper limits of the power given, would not constitute a public nuisance for which one might be indicted, but might be a private nuisance; and damages resulting therefrom, as a private nuisance, might be recovered, and in such a case the legislative grant would be no protection.  Wood, Nuis. (2d Ed.) section 757.  See, also, *Shively v. Railway Co.*, 74 Iowa, 170.  Such is this case.  **Indeed,**

we do not understand from the argument that it is seriously claimed that the facts shown in this case do not establish a nuisance. The contention is, as we have indicated, that damages are not recoverable because the injury is necessarily connected with the enjoyment of a public grant. Inasmuch as the case made is not within the rule of law contended for by defendant, we need not consider as to whether the acts of defendant, in this case, amount to a taking, in law, of plaintiff's property. So far as this record shows, defendant's works might have been so located as to have prevented injury to plaintiff, and have fully accomplished the purposes of their erection. As supporting our views, see Wood, Nuis. (2d Ed.) section 747; *Cogswell v. Railroad Co.,* 103 N. Y. 10, 8 N. E. Rep. 537; *Railroad Co. v. Angel,* 41 N. J. Eq. 316, 7 Atl. Rep. 432; *Baltimore & P. R. Co. v. Fifth Baptist Church,* 108 U. S. 317, 2 Sup. Ct. Rep. 719; *Shively v. Railway Co.,* 74 Iowa, 170.

III. It is insisted that the action is barred by the statute of limitations; that the damages, if any, were original, and that recovery could have been had as soon as the works began operation. We need not determine the legal question thus presented, as the finding of the court is, in effect, that no damage resulted to the plaintiff or his assignor for several years after the works were established, and not until within the five years immediately preceeding the beginning of this action. That finding is, we think, fully supported by the evidence. It does not appear that there was any actionable injury in this case until within the five years just preceding the commencement of this action, nor is any claim made for damages, except such as have accrued within the five years. *Hunt v. Railway Co.,* 86 Iowa, 22, and cases cited. See, also, *Fowler v. Railway Co.,* 91 Iowa, 533, 60 N. W. Rep. 116.

IV. Claim is made that the defendant has acquired a prescriptive right to discharge the smoke and soot from its smokestack over and upon the plaintiff's premises. Our statute provides that: "In all suits hereafter brought, in which title to any easement in real estate shall be claimed by virtue of adverse possession of the same for the period of ten years or by prescription, the use of the same shall not be admitted as evidence that the party claimed the easement as his right, but the fact of adverse possession shall be proved by evidence distinct from and independent of the use, and that the party against whom the claim is made had express notice thereof; and these provisions shall apply to public as well as private claims." Code, section 2031. It is said that the right claimed by the defendant is not an easement in real estate, and therefore not covered by this statute. An easement is defined "to be a privilege without profit, which the owner of one neighboring tenement hath of another, existing in respect of their several tenements, by which the servient owner is obliged to suffer, or not to do something on his own land, for the advantage of the dominant owner." 6 Am. & Eng. Enc. Law, p. 139; Black, Law Dict. tit. "Easement"; Washburn Easem. (3d Ed.) p. 2. The last work cited speaks of "rights of way," the right to pollute water, and the "right acquired by time to send noxious vapors over another's land," as being easements. It has been held that the generating gas, steam, and smoke, and distributing in the air cinders, dust, ashes, and other noxious and deleterious substances, and interrupting the free passage of light and air to and from adjoining premises, constitute a taking of the easement. *Lahr v. Railway Co.*, 104 N. Y. 268, 10 N. E. Rep. 528; *Story v. Railroad Co.*, 90 N. Y. 122. We think the right to discharge soot and smoke upon the premises of another is an easement, and,

within the contemplation of the statute. The court found defendant had not claimed and enjoyed the right to have smoke and soot pass over plaintiff's premises "in the same manner and as fully as during the period complained of, ten years before this suit was commenced, but on the contrary the smoke and soot sent over plaintiff's premises was materially increased in 1887 and 1888." He also found that plaintiff had no express notice that defendant claimed a right to have said smoke and soot pass over his premises. These findings are fully warranted by the evidence, and if the case is within the statute, as we hold, then defendant has failed to establish its claimed prescriptive right. If, however, it should be conceded that the right to pass this smoke and soot over plaintiff's premises was not such an easement as is contemplated by the statute, still it is an easement, and defendant's claimed right is not sustained by the evidence, for it affirmatively shows that the injury did not begin until within five years prior to the commencement of the suit. If it can be said that this easement was enjoyed by the defendant prior to the five year period, it is clear that the right then exercised did not produce any injury to plaintiff or his assignor; and if then, no actionable injury was then inflicted, the right now relied upon did not then exist. Wood, Nuis. sections 708, 709, 713, 715.

V. Complaint is made that the basis of recovery in this case is the rental value of the premises, and it is said the evidence was not based upon the rental value. True it is that most of the evidence as to damages was directed to the value of the property, though there was some evidence as to the rental value. None of the evidence as to damages was objected to. The court had, in addition thereto, the facts and circumstances as to how the property was affected, and

very properly found that the smoke and soot were carried to, and deposited upon, plaintiff's premises, and within his house, to such an extent as to compel plaintiff, in hot weather, to close the windows and doors of his house, and otherwise essentially interfering with the comfortable enjoyment of his property and premises. The evidence introduced warranted the judgment of the court. This was plaintiff's homestead, and, we think, is within the rule laid down in *Randolf v. Town of Bloomfield,* 77 Iowa, 52.

VI. Complaint is made of the finding of facts. It is said they are not supported by the evidence. We think, in so far as the facts found are necessary to sustain the judgment, the evidence is ample to support them. It would not be profitable to discuss the evidence in detail. We discover no reason for disturbing the judgment below.—*Affirmed.*