## Mary S. Foote v. The Burlington Water Company, Appellant.

**Abated Nuisance:** DAMAGES. Where a nuisance is abated before trial of action for damages, original damages for a permanent injury are not recoverable.[a]

*Appeal from Des Moines District Court.*—Hon. J. M. Casey, Judge.

Thursday, April 4, 1895.

Action for damages for an alleged nuisance. Trial to a jury. Verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*P. Henry Smyth* and *Power & Huston* for appellant.

*C. L. Poor* and *C. C. Clark* for appellee.

Kinne, J.—I.    This action was commenced in 1891. The defendant in this case is the same as in the case of *Churchill v. Water Co.,* 94 Iowa, 89, and the facts are essentially the same in both cases. Plaintiff's dwelling was situated nearer to defendant's works than in *Churchill's Case.* Plaintiff's dwelling was built prior to the erection of defendant's works. It appears from the evidence in this case that in the fall of 1893, and prior to the trial of this cause, defendant began to use a smoke consumer, and up to the time of the trial, in December, 1893, the works were operated without causing any discomfort to plaintiff, or other residents in the neighborhood. It therefore appears that the nuisance was not permanent in its character. The defenses in this case are the same as in *Churchill's Case.* The jury returned certain special findings, among which were the following: That defendant's chimney was located upon ground lower than plaintiff's premises, and so built that the top was nearly on a level with the windows of the first story of plaintiff's house; that it was two hundred and twenty-five feet from the chimney to plaintiff's house, and that from January 1, 1887, until July, 1893, defendant caused soft coal smoke and soot to be discharged from its chimney, which was often carried by the wind to plaintiff's premises, and the soot there deposited, in large quantities, on the grass and flowers, and in and about the dwelling, and on the property of plaintiff's therein, so as to materially interfere with

the comfortable enjoyment of life and said property; that a fair compensation to plaintiff would be seven hundred dollars.

II.  Complaint is made of the giving and refusing to give certain instructions.  We have carefully examined all of these alleged errors, and are satisfied the action of the court was proper.  The case, upon the instructions, was submitted to the jury upon the law as approved in *Churchill's Case,* and we need not here repeat what we said in that case.  Furthermore, it may be said that in this case the evidence shows an abatement of the nuisance for several months prior to the trial below, by the use of a smoke consumer; and hence it is clear that the injury was not such a one as could have been recovered for on the theory that the damage was original, as in the cases relied upon by defendant.  All of the legal questions in this case are passed upon in *Churchill's Case,* and, as the evidence justified the findings and verdict it requires no further consideration.—*Affirmed.*