J. R. VAN FOSSEN v. EDWARD C. CLARK, Appellant.

Nuisances: SPECIAL DAMAGES. In an action for damages and to abate a nuisance consisting of the discharge on plaintiff's land of refuse from a creamery, the damages were not limited to the damages to the land or its rental value, since a nuisance may cause special damages to a private person, not susceptible of direct proof.

Evidence. Where the discharge of refuse from a creamery onto plaintiff's land caused a mud hole, which was fenced by plaintiff to keep his stock away from it, and the smell from the refuse extended several hundred feet, and the rental value of the land was decreased thereby, special damages were sufficiently shown to sustain a judgment for the damages and an abatement of the nuisance.

Estoppel of buyer with knowledge of nuisance. The fact that when one purchased land he knew of the existence thereon of a nuisance, consisting of a discharge thereon of refuse from a neighboring creamery, under an alleged easement, would not estop him from maintaining proceedings to abate the nuisance.

Appeal from Linn District Court.—HON. WILLIAM G. THOMPSON, Judge. ·

WEDNESDAY, JANUARY 23, 1901.

ACTION to recover damages for maintaining a nuisance, and to abate the same. There was a jury trial, and a verdict and judgment for the plaintiff. The defendant appeals— Affirmed.

*Deacon & Good* for appellant.

*F. L. Anderson* for appellee.

SHERWIN, J.—The defendant is the owner and operrator of a creamery and cheese factory situated near the plaintiff's premises. A covered tile drain carries the refuse from the creamery onto the plaintiff's land, where it is discharged on the surface thereof. The plaintiff alleges that the water and filth so discharged upon his land emit "noisome smells and noxious vapors," causing impure air about his habitation and premises, and that he has suffered damage thereby in various ways. The creamery and factory in question were in operation long before the plaintiff purchased the premises adjacent thereto, and no question is made as to the right of the defendant to conduct the waste therefrom through the plaintiff's land. The appellant does not plead an estoppel, but contends that the situation is practically the same as it was when the plaintiff bought, and that he should not now complain of the exercise of the defendant's easement in his land. There is no evidence tending to show that the easement given the defendant or his grantors contemplated the creation of a nuisance on the land in qustion. In fact, all of the evidence which touches this question indicates the right only to construct a drain which would carry the water and filth clear across the land, instead of discharging it thereon. Even if the plaintiff knew of the existence of the nuisance when he bought, that would not, alone, estop him, if plead. Woods Nuisances, sections 574, 575. It is conceded that the plaintiff can maintain this action only by proving special damage. This we think he has done. It is shown that the discharge from this drain has created a filthy mudhole, which the plaintiff was compelled to fence to keep his stock away from it. There is also evidence tending to show that the smell arising therefrom permeated the air to a distance of several hundred feet, and that the rental value of

the land was thereby decreased. In Woods Nuisances, section 599, it is said "that any use of property * * * that corrupts the atmosphere with smoke, noxious vapors, noisome smells, dust, or other substances producing injury to property or health, or impairing the comfortable enjoyment of property, is a nuisance," and "if it amounts to an actual invasion of another's right it is actionable." In the same work (section 605) it is also said: "A person residing or having a place of business within the immediate sphere of such a nuisance sustains injuries which the rest of the public, who merely suffer an annoyance when casually coming in contact with it, do not sustain. It inflicts upon them, in all respects, all the injury requisite to enable them to maintain an action." A nuisance may exist, so as to cause special damage to a private person, where such damage is not susceptible of direct and positive proof, and, indeed, such is frequently the case. And in such cases it is the rule that where a nuisance is shown to exist the law presumes damage "for an injury to the right," and the jury is given large discretion in fixing the amount thereof. Woods Nuisances, section 866.

Objections are urged to the fifth and sixth paragraphs of the court's charge, on the ground that they assume facts not shown by the record. We think this criticism not merited. Both instructions submitted the ultimate fact of injury and damage to the jury. The instructions asked by the defendant and refused were based on the thought that no damage could be recovered, other than that to the land, or its rental value. As we have heretofore said, the rule invoked is too narrow, and the instructions were properly refused. Complaint is made of several rulings on the introduction of the testimony, but a careful examination of the points raised lead us to the conclusion that none of the defendant's substantial rights were thereby affected. We think the verdict is fairly supported by the evidence. The judgment is affirmed.—AFFIRMED.