WILLIAM WESLEY et ux., Appellees, v. CITY OF WATERLOO, Appellant.

No. 46225.

1300

March 9, 1943.

W. L. Beecher, of Waterloo, for appellant.

M. F. Fields, of Waterloo, for appellees.

HALE, J.—Plaintiffs have been owners of a home in Riverview Addition to Waterloo, and so owned and occupied it prior to the erection and operation of the alleged nuisance. In the neighborhood were a ravine and sand pit used to some extent as a dump. At varying distances were several buildings and manufacturing establishments, including a sheepyard, rendering works, feed lot and dump, and a mixing plant which prepared black top for streets. The house occupied by plaintiffs as a home was on an unimproved street about 150 to 200 yards northwest of a sewage-disposal plant belonging to the City of Waterloo, which began operation about June 1, 1940. The disposal plant consists of a pump house, offices, powerhouse, filter beds, and five other units. The plant was erected pursuant to order of the State of Iowa. There was evidence that the operation of the plant created odors described as sickening, and other evidence as to the effect on the enjoyment of the premises, also evidence as to the odors from other plants in the neighborhood.

For the purpose of this case the above outline is sufficient to indicate the nature of the action. Testimony was given as to the value of plaintiffs' property both before and after the erection and operation of the sewage-disposal plant. The jury returned a verdict of $2,000 for plaintiffs and judgment was entered thereon. Defendant's motion for new trial and objections and exceptions to the court's instructions were overruled, from all of which defendant appeals.

The only errors assigned are to the action of the court in overruling grounds 2 and 1 of appellant's exceptions to the court's instructions. We have, therefore, for our consideration only the alleged error in the giving of such instructions.

I. Appellant excepted to instruction No. 5, the first part of which told the jury they should allow the appellees the difference, if any, between the reasonable market value of their real estate immediately before and immediately after the erection and operation of the sewage-disposal plant by the appellant as such difference is shown to be the direct and proximate result of such erection and operation of the plant. The second part of the instruction reads as follows:

"(2) And, in addition thereto, you may and should allow the difference, if any, between the fair and reasonable value of the use of their premises, as they would have been without the alleged nuisance, and the fair and reasonable value of the use of said premises with the existence of said nuisance, as shown by the record to be the direct and proximate result of the erection and operation of the sewage disposal plant by the defendants. In arriving at such amount, no strict rule can be stated as some of the elements are not in their nature susceptible of exact money valuation. In arriving at such an amount, you should take into account and consider the discomfort and annoyance, and deprivation of the comfortable enjoyment of the premises suffered by plaintiffs and their family, if any, on account of the offensive smells occasioned by the defendant's erection and operation of the sewage disposal plant as shown by the evidence, and allow plaintiffs such sum as damages as you may find from all the evidence will fully and fairly compensate them for any and all injury to their use, occupancy and comfortable

enjoyment of their premises, which is shown by the evidence to have resulted from the defendant's erection and operation of the sewage disposal plant. * * *''

Appellant claims that said instruction No. 5 required the jury to allow the appellees double damage, i.e., it required the jury to compensate the appellees both for the depreciation in the market value of the appellees' real estate and for depreciation in the value of the use of appellees' premises, resulting from the nuisance. In other words, instruction No. 5 required the jury to give to the appellees both original and temporary or continuing damages. Appellant also argues that such instruction did not tell the jury that in ascertaining the amount of damages to the use of appellees' premises they could consider only those damages suffered by the appellees prior to the time of trial.

Appellees argue that the case was tried on the theory that the nuisance was permanent and the first part of the court's instruction so indicated, since the difference between the reasonable market value of the real estate immediately before and immediately after the erection and operation of the sewage-disposal plant was given by the court as the measure of damages.

This is contrary to the rule laid down by us in our most recently considered case of Ryan v. City of Emmetsburg, 232 Iowa 600, 4 N. W. 2d 435. This was a case almost parallel in its facts to the case at bar and involved noxious and nauseous gases and odors from a sewage-disposal plant of a modern, approved type from which gases and odors spread over plaintiff's premises and into the rooms of the house. Plaintiff in that case alleged that the conditions constituted an original and permanent nuisance that interfered with the use of the homestead and depreciated its value. The action was for original damages and resulted in a verdict for plaintiff. In the opinion by Justice Oliver, filed June 16, 1942, this court reversed and remanded the case. In that opinion the subject of nuisances of the sort we are now concerned with is fully gone into and former cases on the subject are reviewed. The holding was that such a nuisance was not permanent for the reason that the person creating it has the legal right and is under the legal obligation to remove,

change, or repair it and thereby terminate the injury resulting therefrom, and, being abatable, it is not considered a permanent nuisance. See cases cited in 232 Iowa at page 609, 4 N. W. 2d at page 441.

The opinion further reviews cases in which parties had elected to try their cases upon the theory that the nuisance was permanent, but refers to the fact that in the Ryan case such allegation of permanency was controverted by the general denial in the answer (as it is in this case), and the court concludes that in such cases election could not be applied to damage from a continuing nuisance of the nature therein alleged where the condition results from defendant's active operation of a permanent structure when the damage is not to the freehold itself and the beneficial use is not wholly destroyed. It was held that under the facts and circumstances of that case plaintiff had no right to elect to claim permanent damages, that plaintiff's right of recovery was limited to temporary or continuing damages, and that the court erred in submitting to the jury the question of permanent nuisance. It is unnecessary to review here the numerous authorities cited in the Ryan case, but the decision therein is conclusive both as to the question of permanent or continuing injury and election in the class of cases here considered.

█ We refer briefly to the general rules for the assessment of damages in nuisance cases. Where the nuisance is permanent the measure of damages is the difference in the value of the land immediately before and immediately after the creation of the nuisance. Ryan v. Emmetsburg, supra, and cases cited; Powers v. City of Council Bluffs, 45 Iowa 652, 24 Am. Rep. 792; City of Ottumwa v. Nicholson, 161 Iowa 473, 143 N. W. 439, L. R. A. 1916E, 983; Irvine v. City of Oelwein, 170 Iowa 653, 150 N. W. 674, L. R. A. 1916E, 990; Conklin v. City of Des Moines, 184 Iowa 384, 168 N. W. 874.

█ There can be but one action maintained in the case of a permanent injury, and in such case all damages, past, present, and prospective, are allowed by way of recovery. Powers v. City of Council Bluffs, supra; Irvine v. City of Oelwein, supra; Wapsipinicon Power Co. v. Waterhouse, 186 Iowa 524, 167 N. W.

1304

623; Thomas v. City of Cedar Falls, 223 Iowa 229, 272 N. W. 79; Peden v. Chicago, R. I. & P. Ry. Co., 73 Iowa 328, 35 N. W. 424, 5 Am. St. Rep. 680, and cases cited.

On the other hand, in the case of a continuing nuisance the measure of damage is the loss in value of the use of the land. Vogt v. City of Grinnell, 123 Iowa 332, 335, 98 N. W. 782, 783. The court there says:

"The measure of damages flowing from a continuing nuisance is not, as suggested in the motion, the depreciation of the market value of the land, for it may be abated some time, but ordinarily the loss in its use caused thereby, and such special damages as may result therefrom." Citing Shivley v. Cedar Falls, I. F. & N. W. Ry. Co., 74 Iowa 169, 37 N. W. 133, 7 Am. St. Rep. 471; Hollenbeck v. City of Marion, 116 Iowa 69, 89 N. W. 210; Randolf v. Town of Bloomfield, 77 Iowa 50, 41 N. W. 562, 14 Am. St. Rep. 268; Ferguson v. Firmenich Mfg. Co., 77 Iowa 576, 42 N. W. 448, 14 Am. St. Rep. 319; Churchill v. Burlington Water Co., 94 Iowa 89, 62 N. W. 646.

And, as shown by the Ryan case, supra, when the injury to the plaintiff's property is caused by odors from a sewage-disposal plant the right of recovery is held limited to temporary or continuing damages. See, also, Hollenbeck v. City of Marion, supra.

It seems manifest that the appellees should not be allowed to recover for original or permanent injury, that is, the difference in market value, and the depreciation in the value of the use of the premises resulting from the nuisance. Instruction No. 5 directed the jury to allow such damage for permanent injury, which in itself, under the ruling of the Ryan case, was erroneous, and also a recovery for the depreciation in the value of the use. We cannot agree that such double recovery is allowable under the facts of this case. Holbrook v. Griffis, 127 Iowa 505, 103 N. W. 479. The question as to permanent and continuing nuisance is one upon which other courts have been in conflict and our own decisions not always in apparent harmony. Nor are the decisions as to measure of damages always in agreement. We believe, however, that in cases of this character the rules stated herein have been definitely established.

We do not overlook the fact that testimony was admitted as to the market value of the property both before and after the establishment and operation of the nuisance. Whether or not this was admissible on the question of injury to the use and enjoyment of the premises is not controlling in this case. The court could not authorize a double recovery or a recovery on two theories of damage one of which is correct and the other erroneous. Our holding must be that there could be no recovery both for original or permanent injury and for a continuing or temporary injury; and the instruction criticized authorizes both.

We should state here that the opinion in the Ryan case was not handed down by this court until after the trial of the present case.

II. The second objection to the court's instructions set out in ground 1 of defendant's exceptions is in regard to instruction No. 3, where, in stating the law in regard to nuisances, the court copied a part of section 12395 and the following part of section 12396 of the Code of Iowa, 1939:

"(1) The erecting, continuing, or using any building or other place for the exercise of any trade, employment, or manufacture, which, by occasioning noxious exhalations, offensive smells, or other annoyances, becomes injurious and dangerous to the health, comfort, or property of individuals.

"(2) The causing or suffering any offal, filth, or noisome substance to be collected or to remain in any place to the prejudice of others."

The court went on, however, and instructed that under the foregoing statutes, in order for such to constitute a nuisance, any and all offensive smells, annoyances, or prejudices complained of must be of such a character as to be of actual physical discomfort or to render the occupancy of appellees' premises physically uncomfortable to a person of ordinary and reasonable sensibilities.

Appellant cites authority in asserting that it is error to submit to the jury for consideration nuisances which are wholly without support in the evidence. Citing Hollenbeck v. City of Marion, supra.

We do not think it is erroneous for the court to cite the statute or such part as it may consider applicable, even if it includes other matters not pleaded or in issue, provided such instruction properly limits the application of the statute to the matters in issue in the case; and such we think was done here, where the court limited such statute to the matters complained of. The jury understood certainly that other annoyances mentioned in the statute were not to be considered when the instruction so limited the application. We think there is no merit in appellant's second contention.

For the reasons stated in division I hereof we are satisfied that the measure of damages given the jury was erroneous and the cause should therefore be reversed and remanded.—Reversed and remanded.

All JUSTICES concur.