G. B. Duncanson, Appellee, v. City of Fort Dodge, Appellant.

No. 46352.

November 16, 1943.

Mitchell & Mitchell, of Fort Dodge, for appellant.

Breen, Breen & McCormick, of Fort Dodge, for appellee.

MILLER, J.— Plaintiff's petition as amended states: plaintiff owns a home for himself and family on the outskirts of Fort Dodge; for some time the defendant, City of Fort Dodge, has operated a sewage-disposal plant north and west of plaintiff's home, which produces and distributes foul, nauseating, and vile odors; when the breeze is from the northwest, the air in and about plaintiff's home becomes sickening and nauseating, causing serious inconvenience and discomfort to plaintiff and members of his family. The petition also states that the defendant city collects and hauls garbage to a dump on land leased by Floyd Garrett, situated south of plaintiff's home; when the wind is from the south, the odor from burning garbage is carried onto plaintiff's premises, causing discomfort and nausea to plaintiff and members of his family. The prayer was for damages in the sum of $1,200 because of such inconvenience and discomfort.

Defendant filed a motion to require plaintiff to separate the allegations of his petition into counts, one as to the sewage-disposal plant, the other as to the garbage dump. The motion was overruled. The record also shows that defendant served a notice on the United States Gypsum Company, as owner of the property leased to Garrett where the garbage dump was operated, to appear and defend the action.

Defendant's answer admitted the operation of the sewage-disposal plant since 1938, but asserted that the plant was planned and constructed by competent engineers and the plans were approved by the state board of health and the city council. The answer also admitted that garbage is collected by the city and is delivered by it to Garrett's farm but asserted that defendant has no control over the garbage dump. The answer denied that either project was a nuisance.

The cause was tried to a jury. Because of the nature of the questions presented for our determination, it is not necessary to review at length the testimony introduced. Such as is material will be referred to later. At the close of the evidence, defendant made a motion for a directed verdict. The motion was overruled. In submitting the case to the jury, the court submitted two special interrogatories, which were answered as follows:

"Interrogatory I. Q. What amount, if any, do you allow plaintiff on account of the Sewage Disposal Plant? A. $275.00.

Interrogatory II. Q. 'What amount, if any, do you allow plaintiff on account of the garbage dump? A. $125.00. Total—$400.00.''

In accordance therewith, the verdict was for plaintiff in the sum of $400. A motion for new trial and exceptions to instructions were overruled. Defendant appeals to this court, asserting four assignments of error.

I. The first assignment of error challenges the overruling of defendant's motion to separate into counts. Reliance is had upon section 11112, Code, 1939, which provided:

''Where the petition contains more than one cause of action, each must be stated wholly in a count or division by itself, and must be sufficient in itself; but one prayer for judgment may include a sum based on all counts seeking a money remedy.''

Defendant's argument assumes that two causes of action were asserted. Plaintiff challenges that assumption and contends that but one cause of action was stated. We are disposed to the view that the petition does state two causes of action and that the court erred in overruling the motion to separate into counts. However, we are not warranted in reversing the judgment unless substantial prejudice resulted from the error. Defendant's argument assumes that such prejudice resulted. We cannot agree with such assumption.

Ordinarily, a motion to separate into counts, in a law action, is resorted to preliminary to asserting that there was a misjoinder of causes of action, or to securing separate trials of the various causes of action. Here there was no misjoinder because section 10960, Code, 1939, provided:

''Causes of action of whatever kind, where each may be prosecuted by the same kind of proceedings, if held by the same party, and against the same party, in the same rights, and if action on all may be brought and tried in that county, may be joined in the same petition.''

There is no claim of misjoinder here.

Neither was there any demand for separate trials under section 10961, Code, 1939. Even had there been, such relief is dis-

1328

cretionary and the trial court has a wide discretion. Brake v. Central Service Co., 232 Iowa 1110, 7 N. W. 2d 184. There is evidence that defendant served notice on the United States Gypsum Company to appear and defend the action as it pertained to the garbage dump. The special interrogatories protected defendant so far as this phase of the case was concerned. See, also, Division III of this opinion. In the statement of the issues the court stated the allegations of the petition, insofar as they pertained to the sewage-disposal plant, in one paragraph and those pertaining to the garbage dump in a separate paragraph. Separation into counts would have produced the same result. The court's instructions and the special interrogatories required the jury to consider the two claims separately. The prayer for damages did not make any allocation as between the two claims but the amount allowed by the jury as to each was obviously less than the amount that would have been demanded as to each had there been such allocation. We therefore hold that, conceding that the ruling on the motion to separate into counts was erroneous, it was not so prejudicial as to warrant or require a reversal at our hands.

■ II. Defendant's second assignment of error challenges the overruling of the first ground of the motion for directed verdict which was that "There is no evidence of damage to plaintiff's property or to the rental value thereof that could be submitted to the jury * * * No evidence * * * of any expense connected with any alleged sickness or discomfort," no proper basis for a verdict for plaintiff. It will be noted that the assignment does not challenge the competency, credibility, or sufficiency of the evidence that the sewage-disposal plant and garbage dump constituted nuisances. In effect, the contention is that, granting that they constituted nuisances for which recovery might be had, nevertheless, the case should be dismissed because a verdict for plaintiff could not be based solely on evidence of inconvenience and discomfort suffered by plaintiff and his family by reason of noxious odors produced by the nuisances. Defendant cites Wesley v. City of Waterloo, 232 Iowa 1299, 8 N. W. 2d 430; Stovern v. Town of Calmar, 204 Iowa 983, 216 N. W. 112; Boyd v. City of Oskaloosa, 179 Iowa 387, 161 N. W. 491; Valen-

tine v. Widman, 156 Iowa 172, 135 N. W. 599. The cases do not sustain the contention.

In Wesley v. City of Waterloo, supra, damages were sought because of the operation of a sewage-disposal plant. In stating the general rules on damages in nuisance cases, we stated that, in the case of a continuing nuisance, the measure of damages is the loss in value of the use of the land. We also held that an instruction which allowed recovery on two theories permitted a double recovery, which was error. The question presented herein was not discussed or decided.

In the case of Stovern v. Town of Calmar, supra, at page 990 of 204 Iowa, page 115 of 216 N. W., we stated as follows:

"Since we hold that the plaintiff is entitled to recover, as an element of damages, the amount of depreciation in the rental value of the farm, is the amount allowed by the court by way of damages commensurate with the injury inflicted? We do not hold that the diminution of the rental value is all that can be recovered, in a proper case. The inconvenience and discomfort from noisome odors and offensive smells occasioned by the maintenance of a nuisance are also elements of recovery, as well as diminution of the rental value. See Boyd v. City of Oskaloosa, supra."

In the case of Boyd v. City of Oskaloosa, supra, we stated, at page 395 of 179 Iowa, page 493 of 161 N. W., as follows:

"One who occupies property of which he is owner, then, may show diminution of rental value, even though he has lost nothing in the way of rents, as bearing on the measure of recovery, and also the inconvenience and discomfort to himself and family for the same purpose; and all these matters are proper for the jury's consideration in ascertaining the damages to be awarded * * *."

In the case of Valentine v. Widman, supra, the verdict was for $106.33. We held that no prejudicial error was made in the instructions on the measure of damages. The case involved damages from overflow of water and did not discuss or decide the question now before us.

The statements made by us in Stovern v. Town of Calmar,

supra, and Boyd v. City of Oskaloosa, supra, seem to be decisive against defendant's position herein. To the same effect, see, also, Randolf v. Town of Bloomfield, 77 Iowa 50, 52, 41 N. W. 562, 14 Am. St. Rep. 268; Ferguson v. Firmenich Mfg. Co., 77 Iowa 576, 582, 42 N. W. 448, 14 Am. St. Rep. 319; Churchill v. Burlington Water Co., 94 Iowa 89, 95, 62 N. W. 646; Van Fossen v. Clark, 113 Iowa 86, 88, 84 N. W. 989, 52 L. R. A. 279. We see no occasion to recede from the position heretofore taken by us. There is no merit in the second assignment of error.

III. Defendant's third assignment of error challenges the overruling of that part of the motion for directed verdict which asserted that there was no evidence to connect defendant with the maintenance of the garbage dump. There was evidence that the city had an arrangement with Garrett whereby the city hauled residence garbage to Garrett's farm, which he fed to his hogs. The garbage was described as dry residence garbage. Plaintiff testified, "We do not smell the garbage but we do smell the smoke whenever they burn the garbage." Garrett testified that the hogs ate all of the garbage except papers and tin cans and a ravine gradually filled up with papers and tin cans; in July 1941, he set fire to the rubbish at the direction of the board of health. Other fires were accidental. Garrett's farm is outside the city limits.

The record here shows that Garrett acted independently of defendant in the handling of garbage that was delivered to his farm. The record is insufficient to charge defendant with responsibility for fires that Garrett set or permitted to occur on the farm occupied by him. The plaintiff does not claim that the garbage disturbed him. It was the fires that caused the odors of which he complains. The city is not shown to have been responsible for these fires. The motion for directed verdict as to the garbage dump should have been sustained. The error can be corrected here by reducing the amount of the verdict by $125 which was the amount allowed on this part of the case. Such will be our order.

IV. The fourth and final assignment of error complains of the refusal to give a requested instruction. The rules of law set forth in the requested instruction are recognized by us in the

cases of McGill v. Pintsch Compressing Co., 140 Iowa 429, 431, 118 N. W. 786, 20 L. R. A., N. S., 466; and Call Bond & Mtg. Co. v. Sioux City, 219 Iowa 572, 586, 259 N. W. 33. There is no dispute but that the requested instruction is a proper statement of law. The dispute arises over the question whether those rules of law are adequately stated in the court's instruction 5. While the court's language differs somewhat from the language requested, we are of the opinion that substantially the same thoughts are expressed in each and that the differences would not warrant or require a reversal at our hands.

By reason of the refusal to direct a verdict on the claim for damages because of the garbage dump, the judgment is modified by eliminating therefrom the sum of $125 and interest allowed on such item. As so modified, the judgment is affirmed.—Modified and affirmed.

All Justices concur.