Mary DITCH, Larry Ditch and Leonard Ditch, Appellants,

v.

Charles E. HESS and Maude K. Hess, Appellants.

No. 63378.

Supreme Court of Iowa.

May 21, 1980.

Guy P. Booth, Jr., Cedar Rapids, for appellants.

James A. Piersall, Cedar Rapids, for appellees.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, ALLBEE and LARSON, JJ.

LeGRAND, Justice.

The sole issue on this appeal concerns the correct measure of damages. The case was here once before, and all other issues were either settled then or are not challenged now. *See Ditch v. Hess*, 212 N.W.2d 442 (Iowa 1973).

Plaintiffs' petition claims damages for the years 1970 through 1975. Their land was flooded when defendants removed certain concrete wing dams and committed other acts which diverted the natural flow of drainage which had previously existed. It is established that this constituted a continuing, and abatable, nuisance.

The number of acres affected varied from year to year, depending upon the weather and the consequent volume of water which settled on the land. Some of plaintiffs'

damage was for destruction of growing crops; some of it was for loss of acreage which could not be planted at all. The trial court entered judgment for damage to growing crops in the amount of $735.00 in favor of Mary Ditch and $1,631.00 in favor of Leonard Ditch. The trial court denied any award for loss resulting from acreage which could not be planted in 1970, 1971, 1972, 1974, and 1975 because plaintiffs failed to establish the reasonable rental value of the land.

■ Plaintiffs insist the trial court applied the wrong measure of damage for the land which could not be cropped. The question is whether plaintiffs are entitled to show their estimated loss of profits or whether they are limited to the reasonable rental value of the acres taken out of production. The trial court held the latter and we agree.

Plaintiffs urge us to adopt the same rule for crops which could not be planted as for those crops which were damaged when partially grown. The authorities, including our own decisions, are to the contrary.

The rule is stated this way in 21 Am. Jur.2d *Crops* § 73 (1965):

The measure of damages for the anticipated loss of crops which the plaintiff was prevented from planting is the reasonable rental value of the land for the season. In fixing such rental value, it is proper to consider the probable yield, the prevailing price of the crop when harvested, and the cost of seed, of fertilizer, and of threshing and marketing, but the landowner has a duty to minimize damages as far as reasonably possible, and hence cannot recover the full rental value if he lets his field lie idle when it is possible and practical to plant another crop.

The following Iowa cases contain language expressing this same view. *Earl v. Clark*, 219 N.W.2d 487, 490 (Iowa 1974); *Miller v. Town of Ankeny*, 253 Iowa 1055, 1062, 114 N.W.2d 910, 914 (1962); *Schlotfelt v. Vinton Farmers' Supply Company*, 252 Iowa 1102, 1115, 109 N.W.2d 695, 702 (1961); *Kellerhals v. Kallenberger*, 251 Iowa 974, 981–82, 103 N.W.2d 691, 695 (1960). In *Miller* we said the rule applies even if plaintiff is both the owner and the occupant of the land.

Some of our decisions talk of "value of the use of the land" as the correct measure of loss. We have held this to be synonymous with rental value. *Straight Bros. Company v. Chicago, Minneapolis & St. Paul Railway Company*, 183 Iowa 934, 947, 167 N.W. 705, 709 (1918).

The authorities cited by plaintiffs do not lend support to their argument. They rely on *DeWaay v. Muhr*, 160 N.W.2d 454, 458 (Iowa 1968); *Eppling v. Seuntjens*, 254 Iowa 396, 402–03, 117 N.W.2d 820, 824–25 (1962); *Duncanson v. City of Ft. Dodge*, 233 Iowa 1325, 1328–29, 11 N.W.2d 583, 585 (1943); *Wesley v. City of Waterloo*, 232 Iowa 1299, 1304, 8 N.W.2d 430, 432 (1943). Each of these is distinguishable on the facts, and some do not stand for the legal proposition plaintiffs claim for them. *Wesley* holds damages for a continuing nuisance to be the "loss in value of the use of the land." *Duncanson* stands for the principle that damages may be allowed for inconvenience and discomfort in addition to rental value. *Eppling* did not involve a claim for inability to crop the land. *DeWaay* was a breach of contract action—not a nuisance case—claiming damages for failure to grow and deliver popcorn.

The trial court was right in holding that when farm land is rendered unusable because of a continuing nuisance, the measure of damages is the rental value of the land.

■ In the present case, plaintiffs introduced evidence concerning the number of acres lost to planting, the intended crops, the cost of producing the crops, and their probable yield and value when harvested. This evidence was admissible but only as a factor bearing on rental value. However, plaintiffs made no showing as to what the reasonable rental value was. We agree with the trial court that there was no basis upon which damages for this land could be fixed.

The judgment is affirmed.

AFFIRMED.