KINNEY HOLBROOK, Apellee, v. A. A. GRIFFIS, Appellant.

**Nuisance:** MEASURE OF DAMAGES: EVIDENCE. The measure of damages in an action for nuisance, not of a permanent character, is the difference in the value of the use of the property as it existed prior and subsequent to the nuisance; and the admission of evidence as to the difference in value of the property itself, was error.

**Defense:** EVIDENCE. In a damage action for the creation of a nuisance defendant may show that plaintiff had established a nuisance on his own premises which contributed to the injury.

**Evidence.** A resolution of a board of health declaring a nuisance, is not admissible in an action for damages on account thereof by an adjoining owner.

*Appeal from Cedar District Court.*— HON. W. G. THOMPSON, Judge.

TUESDAY, MAY 9, 1905.

ACTION to recover damages for an alleged nuisance. Defendant denied the keeping or the maintenance of a nuisance, pleaded a former adjudication or judgment in bar of plaintiff's action, and an estoppel. To this plaintiff filed a reply, to which the defendant demurred. The demurrer was overruled, and the case went to trial to a jury, which returned a verdict for plaintiff in the sum of $625, upon which judgment was rendered, and defendant appeals.— *Reversed.*

*Grimm, Trewin & Moffitt* and *W. G. W. Geiger,* for appellant.

*Wright, Leach & Wright,* for appellee.

DEEMER, J.— Plaintiff owns one lot and the fraction of another in the town of Tipton. This property faces the

west, and there is an alley running north and south at the rear of the lots, and through the middle of the block, in which his lots are situated. Defendant owns the west one hundred feet of the lot immediately south of and in the same block as plaintiff's property. Plaintiff's house, which was constructed nearly thirty years ago, is near the south line of his lot, and close to the line fence between his property and that of the defendant. Plaintiff also has a well, a closet, a hogyard, and a sink upon his premises. The sink and well are also close to the line fence between the two properties. Defendant's house is on the southwest corner of his property, which is in the southwest corner of the block, but he built his barn, manure and horse lot, and a privy near the northeast corner of his premises, and close to the boundary line between his own and plaintiff's property. The barn is within thirty feet of plaintiff's house, and the horse and manure lot come up close to the boundary line. The ground naturally slopes to the northeast, so that the wash from the stable and manure lot is in the direction of plaintiff's property. Commencing something like 60 feet from the street in front of the two properties, and on the line between them, there is a board fence running back to the northeast corner of defendant's property. This fence is 5½ feet in height. Plaintiff claims that the improvements made by the defendant upon his property, and the maintenance thereof, constitute a nuisance, in that: (1) The horses and other animals kept in the barn make noises which disturb and annoy plaintiff and his family; (2) the defendant permitted large amounts of manure to accumulate in his lot, which gave off noisome smells and noxious gases, injurious to the health and comfort of plaintiff and family; and (3) that the surface water which fell upon and near the barn and manure became offensive by draining through the manure, and that after being charged thereby it passed upon the plaintiff's lots, which were lower than those owned by the defendant adjoining the same, thus preventing the use of

water from his well.   Various other injurious results are complained of, and plaintiff asked damages on account thereof in the sum of $1,000.

It appears that in March of the year 1901 this same plaintiff brought an equitable action for an injunction against the defendant, in which he asked for the abatement of the nuisance by the removal of the buildings, the manure, and other substances surrounding the same, and for other equitable relief.   To that action defendant appeared and joined issue, and, after a trial upon the merits, the trial court on November 16, 1901, entered a decree, pursuant to a settlement and compromise of the case, requiring defendant to remove the horseyard from the north of his barn, to remove the privy from the southwest to the southeast corner of the barn, to keep the manure in a box upon his premises, to permit plaintiff to get water from a hydrant in defendant's barn for the period of six months, and to remove the high board fence between the lots.   This is the decree which was pleaded in bar of plaintiff's present action for damages.   Plaintiff in his reply pleaded that this decree did not bar his action for damages, (1) because no damages were asked in the equity case, (2) because defendant did not comply with the decree, in that he did not regard all of the terms thereof, and that by reason thereof he has been damaged.   To the ruling on the demurrer no exception was taken, but the case proceeded to trial as if it were sufficient in law. No exceptions having been taken to the ruling on this demurrer, there is nothing here for us to consider.

Defendant contends that the court was in error in permitting plaintiff to show the value of his property before and after the establishment of the nuisance, for the reason that the matters complained of were not permanent in character, and could be easily abated.   He also insists that the trial court adhered to the wrong measure of damages, both in the introduction of testimony and in its instructions. Further claim is made that the instructions given by the

trial court had no support in the evidence, and were improper in any view of the case. Other rulings are challenged which we shall notice during the course of the opinion.

During the introduction of the evidence the trial court remarked, in ruling on an objection, that he should instruct the jury that the decree in the equity case constituted " settlement of all damages up to that time"; and in the first instruction given to the jury it said that the plaintiff, in order to recover, must show that since the 16th day of November, 1901, he had suffered the injuries or inconveniences complained of, or some of them, in consequence of defendant's still maintaining the nuisance charged; and that, if he had so shown, he would be entitled to such sum as would fully compensate him for all the damages he had sustained. In referring to the rule whereby to measure such damages, the court said:

1. Nuisance: measure of damages; evidence.

(3) If you find for the plaintiff, the measure of his recovery, if any, between the fair and reasonable value of the use of his home as it existed prior to the establishment of the alleged nuisance and after the premises were rendered offensive by the noxious odors from defendant's outbuildings located on the adjoining lot, if you so find, together with such other and further sum as will reasonably compensate him for the inconvenience and discomfort which he has suffered, if any, in being deprived of his home by and in consequence of the continuance of the alleged nuisance. (4) If you find for the plaintiff, he will be entitled to recover as damages the loss sustained by him in the comfortable use and enjoyment of his home since November 16, 1901, and such further sum as in your judgment will compensate him for the inconvenience and discomfort suffered in the deprivation of the comfortable enjoyment of his homestead by himself and family during said period, to-wit, November 16, 1901.

These instructions are difficult to reconcile; but if we may assume that they limited plaintiff's loss in the value of the use of the property from November 16th down to the

date of trial, and such additional damages as may have resulted therefrom according to the rule laid down in .*Vogt v. Grinnell,* 123 Iowa, 335, and cited cases, still the court was in error in permitting witnesses to testify as to the difference in the value of the property before and after the erection and establishment of the alleged nuisance. According to the court's own theory, the damages should have been limited to the difference in the value of the use of plaintiff's premises from the time of the entry of the decree in the equity cast down to .the time of the trial in consequence of the nuisance; but it admitted evidence, over defendant's objections, to show the difference in the value of the property itself before and after the establishment of the nuisance complained of. For instance, plaintiff was permitted over defendant's objections to answer this question: "You may tell the jury what the difference in value of your property is and was with these things there and before they were put there. How much damage is it to you?" Another sample question will indicate the erroneous view taken by the trial court in the admission of evidence. Plaintiff was permitted to answer this question, over defendant's objection: "Taking the whole thing into consideration — well, and everything else — tell the jury how much you have been damaged by the defendant's actions." Surely no authorities are needed to support the contention that this question was entirely improper. Another witness who testified as to the amount of the damages was permitted, over defendant's objection, to answer this question: "With the barn located there, and the out-buildings such as are there, you may tell the jury what, in your judgment, is the difference in the value between that property with these things there and with them not there." Another witness on the subject of damages, and the only other who gave any testimony on the subject, was permitted to answer this question: "You may tell the jury now whether or not, the situation as it is there, with this high board fence there, and the barn and the situation as it is,

whether or not that, in your judgment, depreciates the value of Holbrook property." This witness said on cross-examination, however, that the property had not depreciated any in value since November 16, 1901. Many witnesses for the defendant testified that there had been no depreciation in the value of the property since November 16, 1901.

It is perfectly manifest that the trial court was in error, either in its rulings on evidence, or in the giving of instructions. Assuming that the instructions are correct as abstract propositions of law, they were erroneous here, because there was no evidence to support them. On the other hand, if we assume that the rulings on evidence were correct, the instructions were wrong, for thereby plaintiff was denied a right to recover any damages done prior to November 16th, and the verdict should have been for the defendant under the instructions given. If we understand these instructions, they announce a correct rule of law, and the trial court was in error not only in its rulings on evidence, but in submitting the case on a theory which there was no evidence to support.

II. There was evidence to the effect that the sink or cesspool maintained by plaintiff upon his own premises rendered the water in his well unfit for drinking purposes. To meet this, as we suppose, the trial court instructed as follows: " The defendant has introduced evidence tending to show that the plaintiff has created a nuisance himself by using a drain or sewer for filthy slops upon his own premises, but you are instructed that proof that the plaintiff has established such nuisance will not defeat his right of recovery from the defendant, if you find he has suffered damage during said time, as the doctrine of contributory negligence does not apply in this class of cases." The error in this is so apparent that we need not do more than refer to the matter.

III. Plaintiff was permitted, over defendant's objections, to introduce a resolution passed by the board of health

of the city of Tipton under date of November 13, 1901, de-

3. Evidence.   claring the defendant's barn and privy a nuisance.   Manifestly this should not have been admitted, for reasons so apparent that argument can shed no further light thereon.

Other matters argued are not likely to arise on a retrial, hence we do not consider them.

For the errors already pointed out, the judgment must be, and it is, *reversed.*