JOSEPH BOYD, Appellee, v. CITY OF OSKALOOSA, Appellant.

**NUISANCE:** Action for Damages—Inconvenience and Discomfort.

1 Inconvenience and discomfort from noisome odors and offensive smells, occasioned by the maintenance of a nuisance, are *alone* sufficient basis for a substantial allowance of damages, and such allowance will not be disturbed under a record showing any reasonable foundation therefor; for instance, that on occasions complainant was compelled to close the doors and windows on account of said nuisance.

**NUISANCE:** Action for Damages—Inconvenience and Discomfort —Measure of Damages—Evidence. The measure of recovery of one who owns and occupies his home and who has been deprived, by reason of a nuisance, solely of the comfortable enjoyment of his home, is the difference in the value of the use of his home with and without said nuisance; and proper evidentiary guides to determine such difference are:

1. Evidence of the extent of the inconvenience and discomfort suffered in the use of the home by reason of said nuisance; and

2. Evidence of the difference in the rental value of the home with and without said nuisance, even though the occupant has lost no rent.

**TRIAL:** Instructions—Cautionary Instructions—Double Damages— Nuisance. The jury should be duly cautioned against awarding double damages, or anything in excess of just compensation, in an action to recover solely for inconvenience and discomfort in the enjoyment of a home owing to a nuisance, when the evidentiary guides to determine just recovery include: (a) Evidence of the extent of the inconvenience and discomfort suffered; and (b) evidence of the difference in the rental value of the occupied home with and without said nuisance. ·

**TRIAL:** Verdict—Findings of Jury—Construction. A finding by the jury that the recovery reported by them, in an action for nuisance, was solely for "inconvenience and discomfort" suffered by plaintiff in the comfortable enjoyment of his home, is not necessarily a finding that the jury, in computing their verdict, excluded all evidence as to diminution in rental value, the witnesses, in giving their answers on such value, not having indicated to what extent they gave consideration to the element of "inconvenience and discomfort" resulting from the nuisance.

**EVIDENCE:** Judicial Notice—Direction of Wind. The courts will take judicial notice that in this climate the winds during the different seasons blow from every direction.

**NUISANCE:** Action for Damages—Evidence—Tracing Course of Pollution—Waters and Watercourses. On the question of the pollution of a stream and the subsequent creation of a nuisance, evidence is admissible which shows the condition of the stream from the point of contamination to the point in question.

*Appeal from Mahaska District Court.—*JOHN F. TALBOTT, Judge.

MONDAY, FEBRUARY 19, 1917.

ACTION for damages consequent on an alleged nuisance resulted in a judgment against defendant, from which it appeals.—*Affirmed.*

*McCoy & McCoy,* for appellant.

*Davis & Orvis,* for appellee.

1. NUISANCE: action for damages: inconvenience and discomfort.

LADD, J.—A creek, with source about a mile beyond where the effluence from the septic tank of the defendant emptied into it, had its course through plaintiff's land about a mile farther on. The evidence was such that the jury might have found that the waters of the creek were polluted by the flow from the septic tank to such an extent that, upon reaching plaintiff's farm, they were discolored, contained a slimy sediment, were obnoxious to taste, and threw off a disagreeable odor, described by plaintiff as "an awful stinking smell." He testified that he could smell it all over the farm, especially at the house when the wind blew from the east or southeast. His son described it as a stinking or sickening odor, and he also testified that the smell at the house on the premises about 40 rods from the creek was so offensive when the wind came from the east or southeast that they had to close the doors and windows. Evidence adduced tended to show the difference between the rental value of the farm, consisting of 70 acres, as it was between July 1, 1913, and December 7, 1914, and the rental value thereof as it would have been without the alleged nuisance. There was no evidence tending to prove any injury, physical or otherwise, save that in consequence of the offensive odor, and there was no evidence as to how frequently the wind blew from the east or southeast. As

bearing on the measure of damages, the court, in the 9th instruction, told the jury:

"If said nuisance caused a depreciation in the rental value of plaintiff's property and that such depreciation was in consequence of such nuisance, then plaintiff would be entitled to recover the loss by reason of such depreciation of rental value in such reasonable sum as may be shown by the evidence for the period of time between July 1, 1913, and December 7, 1914, that you may find from the evidence that defendant maintained such nuisance upon plaintiff's premises. And in like manner, if you find from a preponderance of the evidence that the plaintiff and his family in their home and house suffered inconvenience and discomfort, as shown to have been suffered during the time between July 1, 1913, and December 7, 1914, bearing in mind that the intent of the law is to compensate plaintiff for the injury he has suffered to his use and occupancy and enjoyment of his property, if any is shown, and no more, but in no event in a sum greater than is claimed in his petition."

In the 13th paragraph of the charge, the court instructed that:

"The measure of his recovery will be the difference, if any is shown, between the fair and reasonable value of the use of his premises as they would have been without the alleged nuisance, and the fair and reasonable value of the use of said premises with the existence of said nuisance, and in arriving at the amount, you should take into account and consider the rental value of the plaintiff's premises without the alleged nuisance, as shown by the evidence, and the rental value of said premises with the alleged nuisance, as shown by the evidence; the discomfort and annoyance and deprivation of the comfortable enjoyment of the premises suffered by plaintiff and his family, if any is shown, and as shown by the evidence by reason of the nui-

sance and offensive smells from the creek, occasioned by defendant's polluting its waters, if shown and as shown by the evidence, and allow him such sum as damages as you may find from all the evidence will fully and fairly compensate him for any and all injury to his use, occupancy and comfortable enjoyment of his premises which is shown by the evidence to have resulted from defendant's having polluted the waters of the creek, if you find from the evidence under the court's instructions that defendant did so pollute the waters of said creek."

The jury returned a verdict for $375, and answered the following special interrogatory by inserting the same amount as answer thereto:

"How much, if anything, do you allow plaintiff and include in your general verdict for inconvenience and discomfort to plaintiff and his family in their home?"

I. Appellant's counsel, assuming that two elements of damages were included in these instructions—(1) depreciation of rental value, and (2) inconvenience and discomfort of plaintiff and family in the enjoyment of their home—argues that the jury found against plaintiff on the first of these, and, as to the last, that inconvenience and discomfort without injurious consequences, such as sickness and the like or loss of use of or injury to property, are not enough to warrant the allowance of damages in a substantial amount. That the last proposition is utterly untenable sufficiently appears from the previous decisions of this court. Though injurious consequences, such as sickness and injury to property, may be shown, proof of inconvenience and discomfort from noisome odors and offensive smells, occasioned by the maintenance of a nuisance, is alone sufficient basis for the allowance of damages. *Van Fossen v. Clark*, 113 Iowa 86; *Holbrook v. Griffis*, 127 Iowa 505; cases collected in 29 Cyc. 1272.

In 2 Wood on Nuisances, Sec. 866 (3d Ed.), the author says:

"In the case of an action for an injury to the comfortable enjoyment of property by a person in possession, no precise rule for ascertaining the damage can be given, as, in the very nature of things, the subject-matter affected is not susceptible of exact measurement; therefore the jury are left to say what, in their judgment, the plaintiff ought to have in money, and what the defendant ought to pay, in view of the discomfort or annoyance to which the plaintiff and his family have been subjected by the nuisance; and whether the verdict is large or small, if, in view of the evidence, it has any reasonable foundation, it will not be disturbed because it is too small on the one hand, or too large on the other."

This is the rule quite generally sanctioned by the authorities. *Perry v. Howe Co-op. Creamery Co.*, 125 Iowa 415, seems to be relied on. That was an action to enjoin a nuisance, and it was held that, on evidence merely that members of plaintiff's family were nauseated at times, the allowance of nominal damages only would not be denounced as erroneous. This was not tantamount to saying that, had actual damages been allowed, this court would have interfered.

II. The plaintiff occupied his farm,

2. NUISANCE: action for damages: inconvenience and discomfort: measure of damages: evidence.

consisting of 70 acres, as a home for himself and family. It was not for rent, and therefore loss of rental was not experienced, and might not accurately measure the damages he had suffered. But evidence of diminution of rental value is admissible in such cases, as tending to measure in part the injuries suffered. The subject received adequate attention by the Supreme Court of Georgia in *Swift v. Broyles*, 58 L. R. A. 390, where, speaking through Lumpkin, J., it said:

"The owner of property of a given rental value is entitled, if he elects to be at once his own landlord and tenant, to get an amount of enjoyment out of it equal to the sum he would be obliged to pay as rent for premises of a like rental value belonging to another."

Other facts may be proven with a view of—

"showing the extent to which plaintiff has been damaged by being wrongfully deprived of the natural comforts of his home; that is to say, proof of such facts, or of depreciation in rental value, can merely serve as an evidentiary guide in determining what amount of money will compensate him for the grievous wrong which the law seeks to redress, viz., the tortuous invasion upon his legal right of unmolested enjoyment of his property—an injury which may or may not be attended with the incidents just mentioned. As was clearly pointed out in the opinion delivered by Beck, J., in *Randolf v. Bloomfield*, 77 Iowa 52: 'While rental value may be the subject of inquiry in some cases in order to determine the damages, it is plain that, when the enjoyment of a homestead * * * [is] destroyed or diminished, the true rule for the measure of damages requires the owner to be compensated therefor.' The rental value of his premises may not be appreciably affected, or their value for rent may be actually enhanced by a demand for houses by the employes of the proprietors of the manufacturing enterprise which produces the nuisance; yet this can constitute no valid reply to the incontestable fact that his enjoyment of the comforts of his home has been wrongfully interfered with, to his legal injury."

In *Randolf v. Town of Bloomfield*, 77 Iowa 50, the trial court held in the instructions that the plaintiff was not limited in his recovery to the damages sustained by reason of the depreciation of the rental value of the property, but was entitled to recover for the inconvenience and discomfort suffered and the deprivation of comfortable enjoyment

of the property of himself and family. In approving these instructions, this court, speaking through Beck, J., said:

"The premises which the nuisance affects were occupied by plaintiff and his family as his homestead. Surely it would be vain to endeavor to determine plaintiff's damages by inquiring as to the rental value of his homestead. It was not for rent, and may not have been so constructed or so located as to be sought for by tenants. Yet it may have been well adapted to the wants, conveniences and tastes of plaintiff and his family. To them it was a home, and the deprivation of the comforts enjoyed by plaintiff and his family could not be compensated by estimating its rental value alone. Wood, Nuis., Section 866; 3 Suth. Dam. 416; 5 Amer. & Eng. Cyclop. Law, p. 38, Sec. 9, 2b; *Brown v. Railway Co.*, 80 Mo. 457; *Pierce v. Wagner*, 29 Minn. 355 (13 N. W. Rep. 170) ; *Emery v. Lowell*, 109 Mass. 197. The law requires that plaintiff be compensated for the injury he has sustained by the nuisance. This court has held that the measure of damages for trespass to real property is not complete unless the owner be compensated for the use and enjoyment, if he be deprived thereof. *Graessle v. Carpenter*, 70 Iowa 166. While rental value may be the subject of inquiry in some cases in order to determine the damages, it is plain that when the enjoyment of a homestead, as in this case, was destroyed or diminished, the true rule for the measure of damages requires the owner to be compensated therefor."

In *Ferguson v. Firmenich Mfg. Co.*, 77 Iowa 576, we concluded that there may be a recovery, in addition to inconvenience and discomfort in the enjoyment of the home, "for such special damages as plaintiff may have suffered, including that resulting from sickness, pain and discomfort." *Randolf v. City of Bloomfield*, supra, was followed in *Churchill v. Burlington Water Co.*, 94 Iowa 89.

One who occupies property of which he is owner, then, may show diminution of rental value, even though he has lost nothing in the way of rents, as bearing on the measure of recovery, and also the inconvenience and discomfort to himself and family for the same purpose; and all these matters are proper for the jury's consideration in ascertaining the damages to be awarded, and the jury, as was done in this case, is to be cautioned, in considering the different phases of the matter, to allow in any event only fair compensation for injuries suffered.

3. TRIAL: instructions: cautionary instructions: double damages: nuisance.

III.   Appellant contends that the jury necessarily, by their answer to the special interrogatory, excluded diminution in rental value in making up their verdict.   Undoubtedly, such answer did exclude such diminution, in so far as it was based on anything other than inconvenience and discomfort in the enjoyment of his home by plaintiff and his family.   To what extent the opinions as to rental value were based on the pollution of the waters in the creek and the noisome smells along it and over the farm, and to what extent on their influence on the enjoyment of the home, is not disclosed by the record.   There was no proof of any injury to stock occasioned by the use of the waters. The jury might have found that disagreeable odors permeated the air at times on all parts of the farm, and that, when the wind came to the house from the east or southeast, these were so offensive as that they were compelled to close the doors and windows.   The jury evidently rejected the matter of diminution of rent as a measure of damages, and took into account only the inconvenience and discomfort in the enjoyment of the home, and so did for the reason that the difference in rental values occasioned by the alleged stench was due entirely, under the evidence, to

4. TRIAL: verdict: findings of jury: construction.

such inconvenience and discomfort. To have done other-
wise might have involved the allowance of damages for
both, therefore doubling the compensation, in part at least,
which should be allowed. Assuming, then, that the jury al-
lowed only for inconvenience and discomfort in comfort-
able enjoyment, they did not necessarily exclude the ele-
ments considered in ascertaining the diminution in the
rental value, and might have included substantially all the
injuries occasioning damages proven. Suggestion is made
that evidence showing the frequency of winds from the east
and southeast was not adduced.

5. EVIDENCE: judi-
dicial notice:
direction of
wind.
That jurors may not be assumed to
know whence the wind blew on a particular
day is manifest, but that, during the sea-
sons, the wind blows from every direction in this locality,
and not infrequently from the east and southeast, is matter
of common observation, and may be assumed as a fact oc-
curring in the course of nature, without proof. 16 Cyc. 852.
Only by resort to the records of the weather bureau, if
there were such at Oskaloosa, might evidence as to the
times and duration of such winds with any degree of ac-
curacy be obtained. Whether there were any such records
is not disclosed, and ordinarily people are no better advised
than was Nicodemus, when told:

"The wind bloweth where it listeth, and thou hearest
the sound thereof, but canst not tell whence it cometh, and
whither it goeth."

If the jury found that the stench was such that the win-
dows and doors had to be closed when the wind blew from
the east or southeast, during the period in controversy, as
the evidence on the part of the plaintiff warranted, finding
as to the amount of damages cannot be regarded as without
sufficient basis in the evidence.

IV.  Pugh was allowed to testify to a
**6. NUISANCE: action for damages: evidence: tracing course of pollution: waters and watercourses.** sickening odor from the water in the stream in the Brown farm on which the septic tank was located, and that the water was dark. This was about a mile above plaintiff's premises.  The evidence was admissible as tracing the condition of the stream in Boyd's land to the source of pollution, the witness swearing that beyond the tank the water of the stream was clear.

Complaint is made of receiving testimony of Kitchen, but the testimony was withdrawn from the consideration of the jury, and no prejudice resulted if the ruling was erroneous.  The fourth instruction, considered in connection with those followed, correctly stated the law applicable to the case.  The contention that the verdict is excessive has been disposed of by what has been said.—*Affirmed.*

GAYNOR, C. J., EVANS and SALINGER, JJ., concur.